UNITED STATES of America, Libellant,

v.

$3,976.62 IN CURRENCY, One 1960 Ford Station Wagon Serial No. 0C66W145329.

United States District Court
S. D. New York.
March 22, 1965.

Robert M. Morgenthau, U. S. Atty. for Southern District of New York, for United States of America; Dawnald R. Henderson, Asst. U. S. Atty., of counsel.

McCall & Leone, New York City, for claimant William J. Fennell; Gerome J. Leone, New York City, of counsel.

WYATT, District Judge.

This is a motion by William J. Fennell for an order vacating and setting aside the decree of forfeiture filed herein on December 29, 1964 and permitting movant Fennell as claimant to file an answer to the libel and thus to place in issue the question of forfeiture so that a trial may be had on that issue.

The underlying facts do not appear to be in dispute.

On June 5, 1964, Fennell was arrested at his home in Yonkers, New York, pursuant to a warrant issued by the Commissioner on a complaint charging violations of 26 U.S.C. § 4401 et seq. (failing to pay the tax imposed on wagers). A search of his home turned up $3,976.62 in United States currency which was seized as property allegedly used in violation of the Internal Revenue Law. 26 U.S.C. § 7302. The Ford station wagon described in the caption was also seized at the same time for the same claimed violation.

On August 14, 1964 a "libel of information" (see Supreme Court Admiralty Rule 21; 28 U.S.C. § 1355; 26 U.S.C. § 7323) was filed by the United States Attorney. The libel alleged that the Ford station wagon and the currency were intended for use by Fennell in the business of accepting wagers without his having paid a tax and without having registered, all in violation of 26 U.S.C. §§ 4411, 4412, 4421.

Pursuant to the libel of information, a monition issued from this Court on August 14, 1964. It directed the Marshal to take the goods into his custody and to give notice to all claimants to appear on September 8, 1964. Supreme Court Admiralty Rule 10. In accordance with Rule 2 of the Admiralty Rules of this Court, notice was published in proper form in the New York Journal American on September 1, 1964 giving the required one week notice of appearance. Actual notice was not given to Fennell.

On the return date of the monition (September 8, 1964), no claims having been filed, default was duly noted.

Under date of October 28, 1964, a "Petition for Remission or Mitigation of Forfeiture" was sent for Fennell to the Director of the Alcohol and Tobacco Tax Division, Internal Revenue Service, United States Treasury Department, Washington, D. C. (26 U.S.C. § 7327; 19 U.S.C. § 1608). Petitioner Fennell claimed that he was entitled "to a remission or mitigation of the funds because [the] source of the [funds] were innocent and legal". This petition was denied by the Attorney General.

On December 29, 1964 a "Final Decree" was made and filed in this Court. The decree recited that the " * * * default of all persons having been noted and no answer having been filed * * * [the] motor vehicle above * * * [is] forefeited to the United States of America." Doubtless by inadvertence no forfeiture of the currency was ordered in the decree. The decree directed that the United States Marshal "deliver the said currency and motor vehicle to the Regional Commissioner, Internal Revenue Service, Treasury Department, New

York, N. Y. * * *" (40 U.S.C. § 304i).

A motion to set aside or vacate a "default" or "default judgment" entered in a forfeiture proceeding is governed by Fed.R.Civ.P. 55 and 60. Although (presumably for the purpose of obtaining jurisdiction (see 26 U.S.C. § 7323 (a)) the action is initially commenced as a proceeding in admiralty, after jurisdiction is obtained the proceeding takes on the character of a civil action at law. Fed.R.Civ.P. 81(a) (2); Reynal v. United States, 153 F.2d 929, 931 (5th Cir. 1945); see 7 Moore's Federal Practice § 81.05(6). Thus at least at this stage of the proceedings the Federal Rules of Civil Procedure control.

Fed.R.Civ.P. 55(c) provides:

"Setting Aside Default. For good cause shown the court may set aside an entry of default and, if a judgment by default has been entered, may likewise set it aside in accordance with Rule 60(b)."

Fed.R.Civ.P. 60(b) provides in relevant part:

"Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud, etc. On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; * * *."

There seems to be no jurisdictional obstacle which would prevent this Court from setting aside its decree made after default. All that is here asked by the movant is an opportunity to be heard. Under the circumstance, it seems that this Court can act. See United States v. The San Leonardo, 51 F.Supp. 107 (E.D.N.Y.1942); The Rio Grande, 23 Wall. 458, 90 U.S. 458, 23 L.Ed. 158 (1874); The Little Charles, 26 Fed.Cas. 979, No. 15,612 (1818).

In support of the motion, movant swears that he "learned the details of the forfeiture proceeding for the first time on February 3, 1965" and "had no notice, direct or indirect (except by newspaper publication which I did not see and which I could not recognize had I seen it) of any proceeding that would require me to appear and file a claim on September 8, 1964".

The merits of the claim of Fennell to the property are of no present concern to this Court and nothing contained herein is meant to indicate any opinion thereon.

All that the Court presently proposes to do is to afford movant an opportunity promptly to litigate the question of forfeiture.

The default entered on September 8, 1964 is set aside and the final decree of this Court filed on December 29, 1964 is vacated. Movant is allowed to file a claim to the property and an answer to the libel on or before April 1, 1965.

So ordered.