**UNITED STATES of America**

v.

**ONE 1966 CHEVROLET PICKUP TRUCK et al.**

**Civ. A. No. 526.**

United States District Court,
E. D. Texas,
Paris Division.

June 5, 1972.

Roby Hadden, U. S. Atty., Tyler, Tex., for plaintiff.

Jim D. Lovett, Clarksville, Tex., for defendant.

### MEMORANDUM OPINION AND ORDER

JUSTICE, District Judge.

Before the Court for consideration are the motion of claimant Robert Lee Yarborough to set aside default judgment

and the motion of plaintiff United States to reconsider this Court's prior order staying the sale of the respondent Chevrolet pickup truck in the above-entitled and numbered civil action. A rather detailed recital of the facts in this federal forfeiture proceeding is necessary to understand the parties' contentions.

On March 4, 1970, officers of the Alcohol, Tobacco, and Firearms Division of the Internal Revenue Service, in the performance of their official duties, seized a 1966 Chevrolet pickup truck, identification number C1446S158378, and its tools and appurtenances. Since the truck was appraised at a value of $900.-00, administrative forfeiture proceedings were commenced pursuant to 26 U.S.C. § 7325, for property appraised at a value of $2,500.00 or less. The attorney for claimant Robert Lee Yarborough, following the provisions of this administrative forfeiture statute, filed with the Internal Revenue Service a claim to the respondent truck and a cost bond to transfer forfeiture jurisdiction to the United States District Court. *See* 26 U.S.C. § 7325(3). This statute concludes with the following language:

> . . . and upon the delivery of such bond to the Secretary or his delegate [here the Internal Revenue Service], he shall transmit the same, with the duplicate list or description of the goods seized, to the United States attorney for the district, *and such attorney shall proceed thereon in the ordinary manner prescribed by law.*

26 U.S.C. § 7325(3). (Emphasis added.)

Claimant's attorney filed no papers other than the claim and cost bond in the administrative proceeding. In an affidavit attached to his amended motion to set aside the default judgment entered in this civil action, claimant's attorney states that he understood the portion of the statute quoted above to mean that the United States Attorney had notice of his client's claim and that

the United States Attorney would notify him of further proceedings. The attorney's affidavit further states that he was informed by the office of the United States Attorney that "the matter would come up in due course in Paris, Texas, and that [claimant's attorney] and his client were not entitled to possession of the pickup truck until a hearing had been had in District Court in the Paris Division of which he would be duly notified." Although the Assistant United States Attorney in charge of this case submits his own affidavit relating to this matter of default, he makes no reference to any contact with the claimant's attorney, by telephone or otherwise. Nevertheless, the affidavit of another Assistant United States Attorney from the same office verifies receipt of telephone calls from claimant's attorney "several times during the year of 1970" relating to forfeiture proceedings generally. Additionally, the affidavit of the clerk for the Paris Division of the Eastern District of Texas reveals that "perhaps two" calls were received from claimant's attorney following the default judgment. The clerk testifies that "[claimant's attorney] was most upset and seemed to be unaware of the whole procedure and under the impression that he had done all required to protect his client's interest."

Despite the asserted diligence and good faith of the claimant's attorney in attempting to comply with the forfeiture proceedings, he was mistaken in his view "that he had done all required to protect his client's interest." The forfeiture proceeding is rather complex. The statutory direction to the United States Attorney to "proceed thereon in the ordinary manner prescribed by law," 26 U.S.C. § 7325(3), although not specific, apparently refers to another section in Part II, Chapter 75. That section provides, in relevant part, that

> The proceedings to enforce such forfeitures shall be in the nature of a *proceeding in rem* in the United

States District Court for the district where such seizure is made.

26 U.S.C. § 7323(a). (Emphasis added.)

A proceeding *in rem* is governed by the Supplemental Rules for Certain Admiralty and Maritime Claims, a supplement to the Federal Rules of Civil Procedure, 28 U.S.C. (hereinafter Supplemental Rules). *See* Rule A, Supplemental Rules; *cf.* United States v. $3,976.62 in Currency, 37 F.R.D. 564, 565 (S.D.N.Y. 1965) (disposition under the Rules of Practice in Admiralty and Maritime Cases that were succeeded by the Supplemental Rules effective July 1, 1966).

The Assistant United States Attorney in charge of this litigation complied with these Supplemental Rules. A complaint seeking forfeiture of the respondent truck as property possessed and intended for use in violating the provisions of the Internal Revenue laws, *see* 26 U.S.C. §§ 5121(a), 5122(a), 5691(a), and 7302, was filed on May 20, 1970. *See* Rule C(2), Supplemental Rules. A copy of this complaint was sent to claimant's attorney. The respondent truck was arrested on May 27, 1970, *see* Rule C(3), Supplemental Rules, and notice of arrest was published in the Paris News, Paris, Texas, on May 28, 1970, *see* Rule C(4), Supplemental Rules. The claimant's attorney never filed the claim (the *second* required claim) or an answer to the government's complaint as required by Rule C(6) of the Supplemental Rules.

Without notice to claimant or claimant's attorney, the United States moved for default judgment on December 18, 1970. This Court granted judgment by default on December 22, 1970. Claimant's attorney filed a motion to set aside the default judgment on January 20, 1971, and an amended motion to set aside the judgment on October 7, 1971. Attached to the amended motion was an affidavit by claimant's attorney, uncontroverted by the government, stating that he was never notified of the government's application for default judg-ment. The order requiring sale of the respondent truck was stayed by this Court on January 28, 1971.

A motion to set aside a default judgment is governed by Rules 55 and 60 of the Federal Rules of Civil Procedure. These Rules are applicable to proceedings *in rem* except to the extent they are inconsistent with the Supplemental Rules. *See* Rule A, Supplemental Rules; *cf.* United States v. $3,976.62 in Currency, *supra.* Whether the order of default judgment by this Court is one that could have been entered by the clerk under Rule 55(b) (1) rather than by the Court is immaterial to the validity of the Court's original order. Anderson v. Taylorcraft, Inc., 197 F.Supp. 872 (W. D.Pa.1961). Claimant's motion raises two grounds of attack.

First, Rule 55(b) (2) requires that if the party or his representative has *"appeared in the action,* he . . . shall be served with written notice of the application for judgment at least 3 days prior to the hearing on such application." Rule 55(b) (2), Fed.R.Civ.P. (Emphasis added.) Thus the issue is whether the initial filing by the claimant's attorney with the Internal Revenue Service of a claim to the respondent truck and a cost bond to transfer forfeiture jurisdiction to the United States District Court constitutes an appearance within the meaning of Rule 55(b) (2). Clearly the courts have not applied an overly technical definition of "appearance." In a *per curiam* reversal of a district court decision refusing to set aside a default judgment, the Court of Appeals for the District of Columbia held that an exchange of letters between the parties in attempting settlement constituted an appearance for purposes of Rule 55(b) (2):

The notice requirement contained in Rule 55(b) (2) is . . . a device intended to protect those parties who, although delaying in a formal sense by failing to file pleadings within the twenty-day period, have otherwise in-

dicated to the moving party *a clear purpose to defend the suit.*

H. F. Livermore Corp. v. Aktiengesellschaft Gebruder Loepfe, 139 U.S. App.D.C. 256, 432 F.2d 689, 691 (1970). (Emphasis added.)

■ In the instant case, the government argues that the claimant's filing the initial claim and cost bond only invoked jurisdiction of the district court under 26 U.S.C. § 7325 and did not constitute an appearance under Rule 55(b) (2). Thus the government concludes that only a claim and answer filed under Rule C(6) of the Supplemental Rules meets the definition of an appearance. Reliance on such an overly technical definition of appearance, however, eschews the more realistic inquiry to determine a party's clear purpose to defend the suit. Receipt by the United States Attorney of claimant's initial claim and cost bond was sufficient notice to the United States of the claimant's clear purpose to defend and sufficient to constitute an appearance under Rule 55(b) (2), entitling the claimant to the required three-day notice by the government. This conclusion is bolstered by other relevant case law. *See, e. g.,* Oceanic Trading Corp. v. Vessel Diana, 423 F.2d 1 (2d Cir. 1970) (contesting of four previous complaints in an *in rem* proceeding sufficient to constitute appearance); Radack v. Norwegian America Line Agency, Inc., 318 F.2d 538 (2d Cir. 1963); Hutton v. Fisher, 359 F.2d 913 (3d Cir. 1966) (a single telephone call communicating agreement to request by opposing counsel for more time sufficient to meet appearance standard); Press v. Forest Laboratories, Inc., 45 F.R.D. 354 (S.D. N.Y.1968); Dalminter, Inc. v. Jessie Edwards, Inc., 27 F.R.D. 491 (S.D.Tex. 1961).

■ Secondly, Rule 55(c) permits the court to set aside a default judgment in accordance with Rule 60(b). Rule 60(b) allows the court to relieve a party or his legal representative from final judgment for reasons of, *inter alia,*

(1) mistake, inadvertence, surprise, or excusable neglect; . . .

(6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken.

Rule 60(b), Fed.R.Civ.P.

(Claimant's attorney filed the motion approximately one month after judgment, well within the one-year limitation.) Since the interests of justice are best served by a trial on the merits, courts give Rule 60 a liberal construction. *See* Tozer v. Charles A. Kruase Milling Co., 189 F.2d 242 (3d Cir. 1951); Thorpe v. Thorpe, 124 U.S.App. D.C. 299, 364 F.2d 692 (1966). Relief from final judgment rests in the sound discretion of the court. Erick Rios Bridoux v. Eastern Air Lines, Inc., 93 U.S. App.D.C. 369, 214 F.2d 207 (1954), cert. denied, 348 U.S. 821, 75 S.Ct. 33, 99 L. Ed. 647 (1954).

■ Excusable neglect under Rule 60(b) (1) may arise from mistakes of counsel. In the leading case, a district court refused to set aside a default judgment against a defendant whose lawyer neglected one case because he understood that the settlement negotiations in a second closely related case applied to the first case. The Court of Appeals for the District of Columbia reversed the trial court and held that the lawyer's conduct was not unreasonable under the peculiar circumstances and therefore that such conduct constituted excusable neglect. Barber v. Tuberville, 218 F.2d 34, 94 U.S.App.D.C. 335 (1954). *See also* Naples v. Maxwell, 368 F.2d 219 (6th Cir. 1966), cert. denied, 386 U.S. 971, 87 S.Ct. 1165, 18 L.Ed.2d 131 (1967); L. P. Steuart, Inc. v. Matthews, 117 U.S.App.D.C. 279, 329 F.2d 234 (1964), cert. denied, 379 U.S. 824, 85 S.

Ct. 50, 13 L.Ed.2d 35 (1964). Relying on *Barber*, the Ninth Circuit decided Provident Security Life Insurance Co. v. Gorsuch, 323 F.2d 839 (9th Cir. 1963), cert. denied, 376 U.S. 950, 84 S.Ct. 966, 11 L.Ed.2d 970 (1964), which held that counsel's filing of a motion for summary judgment rather than the required answer to the complaint constituted excusable neglect under Rule 60(b).

The circumstances of the instant case are perhaps more compelling than those of *Gorsuch*. The claimant's attorney, in an affidavit uncontroverted by any of the participants, states that he had made several telephone calls to the United States Attorney's office to ascertain the proper moves in a forfeiture proceeding and thought in good faith that he had complied with the requirements of that proceeding. Although the limits of judicial notice may be circumscribed, it reasonably appears that more than a few skilled attorneys engaged in general practice would take a wrong turn when confronted with the intricacies of a federal forfeiture proceeding. Moreover, in his motion to set aside the default judgment, the claimant alleges a meritorious defense to the forfeiture action. Finally, the government has not shown that it will be prejudiced by the setting aside of this default judgment. Disposition of this case on the two grounds discussed above makes unnecessary the consideration of the catch-all Rule 60(b) (6). *See generally* Radack v. Norwegian America Line Agency, Inc., 318 F.2d 538, 542–543 (2d Cir. 1963). Accordingly, it is

Ordered that claimant Robert Lee Yarborough's motion to set aside default judgment be, and it is hereby, granted.

Since granting claimant's motion obviates decision on the government's motion, it is further

Ordered that the plaintiff United States' motion to reconsider this Court's prior order staying sale of the respondent Chevrolet pickup truck be, and it is hereby, denied. Finally, it is

Ordered that trial in the above-entitled and numbered civil action be set at the next session of the United States District Court for the Eastern District of Texas, at Paris, Texas.