UNITED STATES of America, Appellee,

v.

UNITED STATES CURRENCY TOTAL-
LING $3,817.49 and Two Telephones,
John Gulley, Margaret Gulley and John
Bernard Gulley, II, Appellants.

No. 87–1104.

United States Court of Appeals,
Eighth Circuit.

Submitted June 11, 1987.

Decided Aug. 21, 1987.

Q. Byrum Hurst, Jr., Hot Springs, Ark.,
for appellants.

Larry R. McCord, Asst. U.S. Atty., Fort
Smith, Ark., for appellee.

Before ROSS, Circuit Judge,
BRIGHT, Senior Circuit Judge, and
WOLLMAN, Circuit Judge.

BRIGHT, Senior Circuit Judge.

The United States brought this action for
forfeiture *in rem* against approximately
$3,800.00 in United States currency and
two telephones seized from the home of
John and Margaret Gulley for its alleged
use in an illegal gambling operation. To-
gether with their son, John Bernard Gulley
II, the Gulleys filed a claim to the currency
and telephones, but due to their failure to
verify the claim or to file a timely answer
to the United States' complaint as is re-
quired by the Supplemental Rules for Cer-
tain Admiralty and Maritime Claims, the
district court[1] entered a judgment of de-
fault in favor of the United States.

On appeal, the Gulleys contend that the
district court erred in entering a default
judgment as (1) the United States failed to
effect timely service of process under Rule
4(j) Fed.R.Civ.P., and publication of the no-
tice of seizure was not begun until after
120 days from the filing of the complaint;
(2) notice by way of publication where per-
sonal service was feasible denied them due
process of law; and (3) a default judgment
is improper where a party, through filing

---

1. The Honorable Oren Harris, Senior United
   States District Judge for the Western and East-
   ern Districts of Arkansas.

of a claim, clearly indicates an intention to defend against the suit and where, as here, the procedural rules governing the action are complex.

We affirm the judgment of default without prejudice to the Gulleys' filing of a Rule 60(b) motion in the district court to vacate the default judgment.

## I. FACTS

On June 27, 1985, agents of the Internal Revenue Service entered the home of John and Margaret Gulley (ages 74 and 70, respectively) in Prescott, Arkansas, Nevada County, and seized $3,817.49 in United States currency and two telephones. Among the cash seized were twenty-eight old silver certificates collected by Margaret Gulley over the years, and $1,260.00 in savings of their son, John Bernard Gulley II.

The United States subsequently filed a complaint for forfeiture *in rem* against the currency and the telephones on November 27, 1985. The complaint alleged that the property should be condemned as forfeited to the United States under 26 U.S.C. § 7302 as a result of its use or intended use in an unlawful wagering business in violation of 26 U.S.C. §§ 4401, 4411, 4901, 7206(1) and 7203.

The United States Marshal executed a warrant of seizure and monition on the property on December 9, 1985, and thereafter the United States gave notice of the seizure by publication. At first, the notice of seizure was published in a Miller County, Arkansas, newspaper, which did not serve the area in which the Gulleys lived. Upon realizing this mistake, the United States Marshal's Office published the notice in a paper serving the Gulleys' hometown, the *Nevada County Picayune*. The notice ran three days in 1986, April 3, 10, and 17.

On April 15, 1986, the Gulleys filed a claim to the property. When the Gulleys did not file an answer within twenty days of filing their claim as required by Rule C(6) of the Supplemental Rules for Certain Admiralty and Maritime Claims, the United States moved for a default judgment. The

Gulleys subsequently filed a late answer on June 3, 1986. Relying on this court's decision in *United States v. Beechcraft Queen Airplane, Serial No. LD–24,* 789 F.2d 627 (8th Cir.1986), the district court found that the Gulleys' failure to file either a verified claim or a timely answer as required by Rule C(6) of the Supplemental Rules required entry of a default judgment.

## II. DISCUSSION

This case concerns a party's noncompliance with the rules governing judicial forfeitures of property, the Supplemental Rules for Certain Admiralty and Maritime Claims. The procedures for forfeiture set forth in the rules and relevant to this litigation are roughly as follows. The United States commences a judicial forfeiture by filing a complaint in the district where the seizure occurred. Supp. Rule C(2). Upon the filing of the complaint, the district court clerk issues a warrant for the arrest of the property at issue. *See* Supp. Rule C(3). The United States must then publish notice of the action and arrest in a newspaper of general circulation within the district. The notice must specify the time within which the party filing the claim must file an answer. *See* Supp. Rule C(4). Rule C(6) specifies that a claimant must file an answer within twenty days after filing the claim. Supp. Rule C(6). Rule C(6) also provides that the claim "shall be verified on oath or solemn affirmation." *Id. See also United States v. United States Currency In The Amount of $2,857.00,* 754 F.2d 208 (7th Cir.1985). In the present case, the Gulleys failed to comply with two requirements of Rule C(6); that the claim filed be verified and that an answer be filed within twenty days of the filing of a claim.

The Gulleys' first argument is based upon the misconception that the process under the Supplemental Rules for Certain Admiralty Claims is served through publication of the notice of seizure. To the contrary, Rule C(3) provides for service of process through the district court clerk's issuance of a summons and warrant for the arrest of the property. Fed.R.Civ.P., Supp.

Rule C(3).[2] *See also United States v. $38,-000.00 in United States Currency,* 816 F.2d 1538, 1545–46 (11th Cir.1987). In the present case, the warrant of seizure and monition was served upon the property by the United States Marshal on December 9, 1985, just twelve days after the United States filed its complaint on November 27, 1985, and thus well within the 120–day deadline for service under Rule 4(j) of the Federal Rules of Civil Procedure.

■ We likewise reject the Gulleys' second argument. The United States concedes that because IRS agents seized the property from the Gulleys' home and thus knew their address, it could have given the Gulleys personal notice of the seizure, rather than publication notice. The United States also concedes that such notice would have been preferable in this case. Nevertheless, the Government's failure to give personal notice is not grounds for reversible error as the Gulleys do not show that they were prejudiced by this omission. The filing of their claim demonstrated that the Gulleys received actual notice of the complaint.

■ In their final argument, the Gulleys contend that the very complexity of the laws governing forfeiture actions *in rem,* and the evidence (shown by the filing of their claim) that they intended to defend their suit, warrant reversal of the district court's order. The Gulleys urge this court to set aside the default judgment under Rule 55(c) of the Federal Rules of Civil Procedure.

Rule 55(c) permits a court to set aside a default judgment in accordance with the requirements of Rule 60(b) of the Federal Rules of Civil Procedure, which permits relief from a final judgment, order or proceeding for understandable oversights such as mistake, inadvertence, surprise, or excusable neglect. *See, e.g., United States v. One 1966 Chevrolet Pickup Truck,* 56 F.R.D. 459, 462 (E.D.Tex.1972).

As a reviewing court, we are unable to grant the Gulleys the relief they request. Only a district court may enter such relief as Rule 60(b) permits a court to relieve a party from a final judgment upon satisfaction of the above requirements only "[o]n motion." We note a similarity between the Gulleys' predicament and that experienced by claimants in district court cases where the court granted some sort of relief, despite the claimants' nonconformity to the letter of the Supplemental Rules. *United States v. One 1979 Oldsmobile Cutlass Supreme, VIN: 3M47P9M429787,* 589 F.Supp. 477 (N.D.Ga.1984) (claimant afforded ten additional days to file claim); *United States v. 1967 Mooney M20–F Aircraft, FAA # N9588M, Serial No. 670165,* 597 F.Supp. 531 (N.D.Ga.1983) (claimant afforded ten additional days to file claim); *United States v. Articles of Hazardous Substance,* 444 F.Supp. 1260 (M.D.N.C.), *aff'd in part, rev'd in part on other grounds,* 588 F.2d 39 (4th Cir.1978) (affidavits filed by claimant demonstrated sufficient showing of interest in the seized goods to challenge government's seizure action despite failure to file verified claim); *One 1966 Chevrolet Pickup Truck,* 56 F.R.D. at 459 (default judgment entered for claimant's failure to file claim set aside upon claimant's Rule 60(b) motion).

■ Considering the limited scope of our authority on review, we affirm the default judgment. Quite obviously, the Gulleys failed to comply with the plain and unambiguous requirements of Rule C(6) of the Supplemental Rules that a claim be verified and that an answer be filed within twenty days of the filing of the claim. *United States Currency in the Amount of $2,857.00,* 754 F.2d at 213; *United States v. One 1978 Piper Navajo PA–31 Aircraft,* 748 F.2d 316 (5th Cir.1984).

In affirming the district court, we do not rely on this court's decision in *United States v. Beechcraft Queen Airplane, supra,* however. In *Beechcraft,* this court

**2.** Rule C(3) states:
[T]he verified complaint and any supporting papers shall be reviewed by the court and, if the conditions for an action in rem appear to exist, an order so stating and authorizing a warrant for the arrest of the vessel or other property that is the subject of the action shall issue and be delivered to the clerk who shall prepare the warrant and deliver it to the marshal for service.
Supp. Rule C(3).

affirmed the district court's order to strike the claimant's answer for failure to comply with Rule C(6)'s requirement that the claim be verified under oath or affirmation. Unlike the claimants in the present case, however, the claimants in *Beechcraft* failed to file a claim or any other responsive pleading prior to filing their answer. *Beechcraft*, 789 F.2d at 629. Thus, the government there received no indication that the claimants intended to assert ownership over the property. The Gulleys' act of filing a claim, even if unverified, at least put the Government on notice that they intended to claim the property. Nor do we believe *Beechcraft* controls whether the Gulleys' failure to file their answer within twenty days of the filing of their claim requires entry of a default judgment as *Beechcraft* did not address that issue.

## III. CONCLUSION

Accordingly, we affirm the district court's default judgment without prejudice to the claimant's filing of a motion under Rule 60(b) of the Federal Rules of Civil Procedure to vacate the default judgment for mistake, inadvertence, surprise or excusable neglect.