UNITED STATES of America, Plaintiff,

v.

TWO HUNDRED THOUSAND DOL-LARS ($200,000.00) UNITED STATES CURRENCY, Defendant.

No. G89–30229 CA.

United States District Court,
W.D. Michigan, S.D.

Oct. 2, 1989.

John A. Smietanka, U.S. Atty. by Edith A. Landman, Asst. U.S. Atty., Grand Rapids, Mich., for U.S.

John R. Parrinello, Rochester, N.Y., for intervening claimant.

OPINION

BENJAMIN F. GIBSON, District Judge.

The United States of America filed the present civil action for forfeiture against the defendant Two Hundred Thousand Dollars ($200,000.00) United States Currency

on March 20, 1989. On the same day, an "Order for Warrant of Arrest of Property and for Notice" was issued by the Court. The United States next filed a notice of the forfeiture action and arrest of property instructing:

> any person having or claiming an interest in or to said defendant [to] file a verified claim with said Court within ten (10) days after process has been executed, or within such time as may be allowed upon application to the Court. All other claims must be filed before May 9, 1989. Failure to file a timely claim and answer may result in an entry of default.... An answer to the complaint for forfeiture must be filed within twenty (20) days after said claim has been filed and must be served on the United States Attorney.[1]

In response to the United States' notice, John R. Parrinello filed a claim to the defendant currency in the amount of Eighty-four Thousand Dollars ($84,000.00) on April 11, 1989, for attorney's fees arising out of the representation of Dominic Taddeo in the underlying criminal action. No other claims were filed against the defendant currency. Accordingly, upon request by the United States, entry of default was entered against the unclaimed One Hundred Sixteen Thousand Dollars ($116,-000.00) on May 30, 1989. Judgment of Forfeiture by Default was entered on May 31, 1989, as to the unclaimed One Hundred Sixteen Thousand Dollars ($116,000.00). Presently pending before the Court is the United States' motion to strike the claim of John R. Parrinello on the basis that Parrinello failed to file an answer within the required twenty days under Rule C(6) of the Supplemental Rules for Certain Admiralty and Maritime Claims. In the alternative, the United States seeks summary judgment on the grounds that under recent Supreme Court decisions there is no constitutional right to attorney's fees out of forfeiture assets.[2] *See United States v. Monsanto*, — U.S. —, 109 S.Ct. 2657, 105 L.Ed.2d 512 (1989); *Caplin & Drysdale, Chartered v. United States*, — U.S. —, 109 S.Ct. 2646, 105 L.Ed.2d 528 (1989).

## MOTION TO STRIKE

Rule C(6) of the Supplemental Rules for Certain Admiralty and Maritime Claims provides in pertinent part that:

> The claimant of property that is the subject of an action in rem shall file a claim within 10 days after process has been executed, or within such additional time as may be allowed by the court, and shall serve an answer within 20 days after the filing of the claim. The claim shall be verified on oath or solemn affirmation, and shall state the interest in the property by virtue of which the claimant demands its restitution and the right to defend the action.

Generally, claimants have been held to strict compliance with Rule C(6). *See, e.g., United States v. Beechcraft Queen Airplane Serial Number LD–24*, 789 F.2d 627, 630 (8th Cir.1986) (affirming striking of answer not preceded by verified claim); *United States v. United States Currency in the Amount of $2,857.00*, 754 F.2d 208, 214 (7th Cir.1985) (affirming summary judgment against claimant who filed claim with Drug Enforcement Administration instead of district court). Thus, striking a claim is proper where the claimant "failed to comply with the plain and unambiguous requirements of Rule C(6)." *United States v. United States Currency Totalling $3,817.49*, 826 F.2d 785, 787 (8th Cir.1987). Strict compliance has been excused, however, when noncompliance was the result of the claimant's reliance on actions of the

---

1. A copy of the Complaint for Forfeiture in Rem and of the Notice of Forfeiture Action and Arrest of Property were provided directly to Dominic Taddeo on March 28, 1989 and to John R. Parrinello on March 31, 1989 by the United States.

2. The United States filed its motion on August 1, 1989. Claimant's response was due on August 15, 1989. Local Court Rule 29(a); Fed.R.Civ.P. 6(a). On August 31, the Court noted that no response had been filed, so the Court took the matter under advisement and ordered the parties to submit all briefs pertaining to this matter by September 15, 1989. As of the date of this Opinion, no response has been filed.

government. *See, e.g., United States v. $38,000.00 in United States Currency*, 816 F.2d 1538, 1546–47 (11th Cir.1987).

Upon review of the record, pleadings, motion, and other relevant evidence, the Court finds no indication that an exception or other extenuating circumstances exist to excuse claimant's failure to file an answer. Accordingly, the Court concludes that since the claimant failed to comply with the plain and unambiguous requirements of Rule C(6), it is appropriate to grant the United States' motion to strike John R. Parrinello's claim.[3]

---

**3.** The Court notes that even if it were appropriate to excuse the claimant's failure to file an answer within twenty days as required by Rule C(6), the United States still would be entitled to judgment as a matter of law with regard to the remaining Eighty-four Thousand Dollars ($84,- 000.00) under the Supreme Court's recent decisions in *United States v. Monsanto,* — U.S. ——, 109 S.Ct. 2657, 105 L.Ed.2d 512 (1989), and *Caplin & Drysdale, Chartered v. United States,* — U.S. ——, 109 S.Ct. 2646, 105 L.Ed.2d 528 (1989).