12 F.3d 1103
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
UNITED STATES OF AMERICA, Appellee,
v.
Kurt C. BRINSON, Appellant.
 No. 93-2438.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: November 2, 1993.
Filed: December 6, 1993.
 
 Before JOHN R. GIBSON, MAGILL, and BEAM, Circuit Judges.
 PER CURIAM.
 
 
 1
 Kurt C. Brinson appeals entry of default judgment in favor of the United States pursuant to Federal Rule of Civil Procedure 55(b)(1). We affirm.
 
 
 2
 Brinson apparently defaulted on his student loans and owes the government around $4000. On October 2, 1992, the United States sued to collect the unpaid loans. Brinson, pro se, filed three successive requests for additional time in which to file an answer. The district court[1] granted each request, and the last one set February 1, 1993, as the deadline for an answer. Brinson never filed an answer, although he now argues he continued to correspond with a Financial Litigation Specialist in the U.S. Attorney's Office.
 
 
 3
 On April 9, 1993, the government moved for default judgment by affidavit based on Brinson's failure to appear, plead, or defend. The same day, the district court clerk entered default judgment in favor of the government pursuant to Rule 55(b)(1). Brinson timely appealed.
 
 
 4
 This court reviews the entry of default judgment under the abuse of discretion standard. Comiskey v. JFTJ Corp., 989 F.2d 1007, 1009 (8th Cir. 1993). Brinson argues that his repeated requests for additional time from the court evidenced his desire to defend this action. Unfortunately for Brinson, a desire to defend alone will not prevent the hammer of Rule 55 from falling. See United States v. United States Currency Totalling $3,817.49, 826 F.2d 785, 787 (8th Cir. 1987). Brinson exceeded the district court's deadline, set after Brinson's third request for extension of time, by several months. The district court clerk did not abuse his discretion in granting the government default judgment. In addition, Brinson failed to file a motion to set aside the default judgment pursuant to Federal Rule of Civil Procedure 60(b). We cannot supplant the district court and provide the Rule 60(b) relief that Brinson wants. Id.
 
 
 5
 Accordingly, we affirm.
 
 
 
 [1]
 The Honorable Stephen N. Limbaugh, United States District Judge for the Eastern District of Missouri