**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 04-1624**

---

LATHAM ENTERTAINMENT, INCORPORATED,

Plaintiff - Appellee,

versus

GIL ROBINSON, an individual,

Defendant - Appellant,

and

UNDERGROUND GOSPEL MINISTRIES, INCORPORATED, a
Virginia corporation; KINGDOM COMEDY,
INCORPORATED, a Virginia corporation; FLAMING
SWORD PRODUCTIONS, business entity form
unknown; JOHN DOES 1-100, individuals; XYZ
COMPANY; JANE DOES 1-100, individuals,

Defendants.

---

Appeal from the United States District Court for the Eastern
District of Virginia, at Richmond. Richard L. Williams, Senior
District Judge. (CA-03-964)

---

Submitted: August 20, 2004          Decided: September 30, 2004

---

Before LUTTIG, WILLIAMS, and MOTZ, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

Gil Robinson, Appellant Pro Se. Alice Carmichael Richey, KENNEDY, COVINGTON, LOBDELL & HICKMAN, LLP, Charlotte, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Gil Robinson appeals from the district court's entry of a default against him under Fed. R. Civ. P. 55(a) for failure to plead or otherwise defend the intellectual property action commenced against him by Latham Entertainment, Inc. ("Latham"). We affirm.

On November 17, 2003, Latham filed a verified complaint against Robinson as an individual, and against the Underground Gospel Ministries, Inc., Kingdom Comedy, Inc., Flaming Sword Productions ("defendants"), and several "unknown" individuals and an unknown business entity. The complaint alleged trademark infringement, trademark dilution, cybersquatting, service mark infringement, and unfair and deceptive trade practices, in violation of 15 U.S.C. § 1114 (2000), 15 U.S.C. §§ 1125(a) and (c) (2000), and Virginia common law. Latham sought injunctive relief, money damages, costs, and reasonable attorneys' fees.

Although it is undisputed that defendants were properly served, none of the defendants filed an answer or otherwise responded to the complaint. It is further undisputed that none of the defendants entered an appearance in district court in this action. On April 28, 2004, Latham moved for entry of default, and for a default judgment, under Fed. R. Civ. P. 55(a) and 55(b)(2), respectively. On April 30, 2004, the Clerk of the district court entered a default under Rule 55(a) because the defendants did not

- 3 -

appear, plead, or otherwise defend the action. On May 3, 2004, Robinson filed a notice of appeal of the April 30, 2004 entry of default.

The district court subsequently granted Latham's motion for default judgment under Rule 55(b)(2) by order filed and entered May 10, 2004. The district court awarded statutory damages of $1000 pursuant to 15 U.S.C. §§ 1125(d) and 1117(d) (2000). The court further granted Latham's requests for injunctive relief and awarded Latham costs and reasonable attorneys' fees.

Our review of the record discloses that the appeal of the April 30, 2004 entry of default under Fed. R. Civ. P. 55(a) is without merit. Robinson argues that the default judgment should be set aside because he had a valid excuse for not answering or otherwise responding to Latham's complaint and because he has a meritorious defense to the claims. However, these arguments must be raised in a motion to set aside default judgment in the district court under Fed. R. Civ. P. 55(c) and 60(b). See United States v. United States Currency Totalling $3,817.49, 826 F.2d 785, 787–88 (8th Cir. 1987). Accordingly, we affirm the April 30, 2004 entry of default without prejudice to Robinson's filing a motion to set aside the default judgment in the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.