**UNITED STATES of America,
Petitioner,**

v.

**$19,840.00 IN UNITED STATES
CURRENCY MORE OR
LESS, Respondent.**

**No. EP–07–CA–0315–PRM.**

United States District Court,
W.D. Texas,
El Paso Division.

May 14, 2008.

David Richard Rosado, Assistant United States Attorney, El Paso, TX, for Petitioner.

### MEMORANDUM OPINION AND ORDER GRANTING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT

PHILIP R. MARTINEZ, District Judge.

On this day, the Court considered Plaintiff the United States of America's (the "Government") "Motion for Default and Final Judgment of Forfeiture Against Jaime Javier Acosta and Any and All Other Potential Claimants Who Were Served by Publication," filed on February 1, 2008, in the above-captioned cause. In its Motion, the Government moves the Court to enter a default judgment and judgment of forfeiture against "any and all right title and interest of Jaime Javier Acosta, and any and all other potential claimants who were served by publication in the Respondent Property." Mot. 1. "Respondent Property" is "$19,840.00 in United States currency more or less." Compl. 2. After due consideration, the Court is of the opinion that the Government's Motion should be granted and default judgment entered.

## I. FACTUAL AND PROCEDURAL BACKGROUND

The Government initiated the instant suit by filing its "Verified Complaint for Forfeiture," on September 13, 2007.

Docket No. 1. Therein, the Government asserts that "Respondent Property is subject to forfeiture and should be forfeited to the United States of America." Compl. 3. The Government asserts that El Paso Drug Enforcement Agency Task Force Detectives ("Detectives") seized Respondent Property from Jaime Javier Acosta ("Acosta"), on or about June 26, 2007, in El Paso, Texas. *Id.* The Detectives encountered Acosta, who was accompanied by Roberto Rodriguez ("Rodriguez"), upon his exiting a bus arriving in El Paso from Oklahoma City, Oklahoma. *Id.* Acosta consented to the Detectives questioning him and searching his person and a duffle bag he was carrying. *Id.* at 4. In the bag, the Detectives "located a bundle that was wrapped in silver duct tape," later determined to contain Respondent Property. *Id.* The Detectives brought Acosta and Rodriguez to the El Paso Police Department Drop-in Center ("Center"), where the Detectives questioned them about "the money and the bus trip to and from Oklahoma City." *Id.* at 5.

The Government asserts that "[d]uring the consensual interview, a narcotics canine was summoned," which canine alerted to the odor of narcotics emanating from a canister into which Respondent Property had been placed. *Id.* at 6. Respondent Property was then seized, and Acosta was issued a copy of a receipt of such seizure, at which time Acosta left the Center. *Id.* Respondent Property consists of United States currency totaling $19,840.00, largely in denominations of twenty dollars, which "is consistent with narcotic related currency encountered in the El Paso, Texas area." *Id.* at 6–7.

The Government alleges that "Respondent Property was unlawfully used or intended to be used in exchange for a controlled substance, or represents proceeds of trafficking in controlled substances, or was unlawfully used or intended to be used

to facilitate a violation" of federal law. *Id.* at 7. Furthermore, the Government alleges that "Respondent Property is subject to forfeiture to the United States of America pursuant to the provisions of Title 21 U.S.C. § 881." *Id.*

The Government filed a "Process Receipt and Return," which indicates that Acosta was served with a copy of the Verified Complaint on October 10, 2007. Docket No. 10. Another "Process Receipt and Return" filed with the Court indicates that notice of the seizure of Respondent Property was published in the El Paso Times, a newspaper of general circulation in El Paso County, Texas, on three consecutive Sundays: October 7, 14, and 21, 2007. Docket No. 8. After being served, Acosta and any other potential claimants had thirty days in which to file a claim. *See* 18 U.S.C. § 983(a)(4)(A) ("[A]ny person claiming an interest in the seized property may file a claim asserting such person's interest in the property ... not later than 30 days after the date of service of the Government's complaint."). Acosta filed a timely claim on November 8, 2007, and no other claim has been filed with the Court. Docket No. 11.

After filing his claim, Acosta had twenty days to file an answer, until November 28, 2007. *See* 18 U.S.C. § 983(a)(4)(B) ("A person asserting an interest in seized property ... shall file an answer to the Government's complaint for forfeiture not later than 20 days after the date of the filing of the claim."). Acosta filed his "Answer" on November 30, 2008, two days after the 20 day time limit expired. Docket No. 12. On December 10, 2007, the Government filed a "Motion to Strike Answer of Jaime Javier Acosta," to which Acosta did not respond, and the Court granted the Government's motion on January 30, 2008, and struck Acosta's Answer. Docket Nos. 3, 17. On February 1, 2008, the Government filed its "Application for

Entry of Default and Final Default Judgment Against Jaime Javier Acosta and Any and All Other Potential Claimants who were Served by Publication," in which it requested the Clerk enter a default, and default was entered on February 4, 2008. Docket Nos. 18, 20.

The Government filed the instant Motion for Default Judgment, requesting the Court enter Default Judgment. Mot. 1. It alleges that "[a]ll identified potential claimants in the above-styled and numbered cause received service of notice of this civil forfeiture action, and all other potential claimants were served by publication," referring the Court to the supporting affidavit of David R. Rosado. Mot. 1–2.

## II. LAW AND ANALYSIS

### A. Default Judgment

Rule 55 of the Federal Rules of Civil Procedure ("Rule 55") sets forth certain conditions under which default may be entered against a party, as well as the procedure by which a party may seek the entry of default judgment. FED.R.CIV.P. 55. If a party "against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend" a case, and "that failure is shown by affidavit or otherwise, the clerk must enter the party's default." *Id.* at 55(a). Judgment by default may be entered when a party entitled to a default judgment moves the Court for entry of such judgment. *Id.* at 55(b). The Fifth Circuit has concisely summarized the steps leading up to default judgment.

A *default* is when a defendant has failed to plead or otherwise respond to the complaint within the time required by the Federal Rules. An *entry of default* is what the clerk enters when the default is established by affidavit or otherwise ... After defendant's default has been entered, plaintiff may apply for a

judgment based on such default. This is a *default judgment.*

*New York Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir.1996) (emphasis in original).

"Default judgments are a drastic remedy, not favored by the Federal Rules and resorted to by courts only in extreme situations." *Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n*, 874 F.2d 274, 276 (5th Cir.1989). In accord with that policy, "[a] party is not entitled to a default judgment as a matter of right, even where the defendant is technically in default." *Ganther v. Ingle*, 75 F.3d 207, 212 (5th Cir.1996). Rather, a default judgment is generally committed to the discretion of the district court. *Mason v. Lister*, 562 F.2d 343, 345 (5th Cir.1977). In order to properly resolve the Government's Motion, the Court must determine: (1) whether default judgment is procedurally warranted; (2) whether the Government's Complaint sufficiently sets forth facts establishing that it is entitled to relief; and (3) what form of relief, if any, the Government should receive. *See, e.g., Pepsico, Inc. v. Cal. Security Cans*, 238 F.Supp.2d 1172 (C.D.Cal.2002) (analyzing motion for entry of default judgment by considering procedural requirements, substantive merits, and appropriate relief).

### B. Procedural Requirements Necessary for Default Judgment

Rule 55(a) permits the Clerk to enter default against a party who has "failed to plead or otherwise defend" a lawsuit. FED.R.CIV.P. 55(a). Thus, the propriety of a default judgment depends, in part, on the propriety of the entry of default.

Although Acosta timely filed his claim, he failed to timely file an answer, and he made no effort to remedy its tardiness.[1]

1. In its "Order Granting Petitioner's Motion    to Strike Respondent's Answer," the Court

Acosta was required to file an answer to the Complaint no later than twenty days after filing his claim. Acosta filed his answer two days late and did not respond to the Government's "Motion to Strike the Answer of Jaime Javier Acosta," filed on December 10, 2007. On January 30, 2008, the Court struck Acosta's Answer. Docket No. 17.

In order to defend against a forfeiture, a claimant must timely file both a claim and an answer. *United States v. United States Currency Totaling $3,817.49 & Two Tel.*, 826 F.2d 785, 787 (8th Cir.1987) (finding that the requirements that "a claim be verified and that an answer be filed within twenty days of the filing of the claim" are "plain and unambiguous"). Consequently, Acosta defaulted by failing to defend against the lawsuit. Therefore, the procedural requirements entitling the Government to relief in the form of a default entry are met.

## C. Sufficiency of the Government's Complaint

■ Default judgment is proper only if the well-pleaded factual allegations in the Government's Complaint establish a valid cause of action. *Pepsico, Inc.*, 238 F.Supp.2d at 1175. In other words, "[t]here must be a sufficient basis in the pleadings for the judgment." *Nishimatsu Const. Co., Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir.1975). A defendant, "by his default, admits the plaintiff's well-pleaded allegations of fact." *Id.*; *see also Geddes v. United Fin. Group*, 559 F.2d 557, 560 (9th Cir.1977) ("The general rule of law is that upon default the factual allegations of the complaint, except those relating to the amount of damages,

will be taken as true"). Therefore, the Court may only enter default judgment against Acosta if the Government's well-pleaded factual allegations establish a valid cause of action.

The Government asserts that the Court has jurisdiction over this action because it is brought pursuant to 28 U.S.C. §§ 1345, 1355, and 2461. Compl. 1. The Government further asserts that the Respondent Property is subject to forfeiture pursuant to 21 U.S.C. § 881 insofar as it "was unlawfully used or intended to be used in exchange for a controlled substance, or represents proceeds of trafficking in controlled substances." *Id.* at 7.

"[T]he district courts shall have original jurisdiction of all civil actions, suits or proceedings commenced by the United States, or by any agency or officer thereof expressly authorized to sue by Act of Congress." 28 U.S.C. § 1345. "The district courts shall have original jurisdiction ... for the ... forfeiture ... incurred under any Act of Congress." 28 U.S.C. § 1355.

The Respondent Property is "subject to forfeiture," if it was "furnished or intended to be furnished by any person in exchange for a controlled substance." 21 U.S.C. § 881(a)(6). The Government alleges that the Respondent Property was "used or intended to be used in exchange for a controlled substance, or represents proceeds of trafficking in controlled substances." Compl. 3. The Government supports this assertion by showing that it was seized under circumstances consistent with narcotics smuggling.

Given that the Government seeks to effect the forfeiture of Respondent Property subject to § 881(a)(6), the Court concludes

noted that although Acosta's answer "was filed only two days after the time limit set forth in § 983(a)(4)(B), [Acosta] has not moved the Court to permit the Answer to be filed outside of the time limit such that the

Court may exercise its discretion to permit such action, nor has he responded to [the Government's Motion to Strike Acosta's Answer]." Docket No. 17.

that it has sufficiently set forth that the Court has jurisdiction with respect to the instant suit. In addition, the Court finds the well-pleaded allegations in the Government's Complaint establish a valid cause of action.

### D. Relief Requested by the Government

Federal Rule of Civil Procedure 54(c) states that "[a] default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." FED. R.CIV.P. 54(c). In other words, the relief prayed for in a complaint defines the scope of relief available on default judgment. In the instant motion, the Government requests the Court enter a default and a final judgment of forfeiture in their favor with respect to Respondent Property. The Court finds that the requested relief is appropriate, given the uncontroverted evidence presented by the Government. Therefore, the Court finds that, although Acosta filed a timely claim, such filing is not sufficient to prevent the entry of default judgment against him, and default judgment is appropriate.

## III. CONCLUSION

Based on the above analysis of facts and legal principles, the Court concludes that the Government's Motion for Default Judgment should be granted.

Accordingly, **IT IS ORDERED** that Petitioner the United States of America's "Motion for Default and Final Judgment of Forfeiture Against Jaime Javier Acosta and Any and All Other Potential Claimants Who Were Served by Publication" (Docket No. 19) is **GRANTED**.

**IT IS FURTHER ORDERED** that judgment of forfeiture is entered in favor of Petitioner the United States of America, and against any and all right, title and interest of Jaime Javier Acosta in the Respondent Property as well against as all persons served by publication.

**IT IS FURTHER ORDERED** that the above-captioned cause be, and hereby is, **DISMISSED**.

**IT IS FURTHER ORDERED** that all pending motions, if any, are **DENIED AS MOOT**.

**IT IS FINALLY ORDERED** that the Clerk shall **CLOSE** this matter.