**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 11-2098**

UNITED STATES OF AMERICA,

                    Plaintiff – Appellee,

     v.

JOSEPH W. RASH,

                    Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Statesville. Richard L. Voorhees, District Judge. (5:05-cv-00244-RLV)

Submitted: January 17, 2012     Decided: February 13, 2012

Before WILKINSON, AGEE, and FLOYD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Joseph W. Rash, Appellant Pro Se. Jennifer A. Youngs, Assistant United States Attorney, Charlotte, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Joseph W. Rash appeals from the entry of a default judgment against him under Fed. R. Civ. P. 55(b)(1) following his failure to plead or otherwise defend the civil action commenced against him by the United States. We affirm.

In August 2005, the United States, acting on behalf of its agency, the Farm Service Agency ("FSA"), filed a complaint against Rash. The complaint alleged that Rash had defaulted on five operating loans made to him by the predecessor agency to the FSA. The United States sought: a money judgment totaling $82,447.19 for the principal and interest accrued on the loans as of June 16, 2005 and for the interest accruing thereafter; a judgment of foreclosure against the real and personal property pledged by Rash as security for the loans; an order allowing the United States Marshal to seize, possess, and sell certain chattel property and vehicles; and costs and attorney's fees.

Although it is undisputed that Rash was properly served, he did not file an answer or otherwise respond to the complaint. The United States subsequently moved for entry of default under Fed. R. Civ. P. 55(a). On November 15, 2005, the Clerk of the district court entered a default under Rule 55(a) because Rash failed to plead or otherwise defend against the action.

Rash subsequently filed for bankruptcy protection under Chapter 12 of the Bankruptcy Code. Rash's Chapter 12 bankruptcy case was dismissed in December 2006 for failure to file a plan. In January 2007, Rash again filed for bankruptcy protection, this time under Chapter 13 of the Bankruptcy Code, and the district court stayed the subject proceeding pending the resolution of that bankruptcy proceeding. In July 2011, Rash voluntarily dismissed his Chapter 13 filing. The United States subsequently moved for the entry of a default judgment in the amount of $56,204.29,[*] and the Clerk of the district court entered a default judgment under Rule 55(b)(1) by order filed and entered on August 9, 2011. Rash timely appealed the August 9 judgment.

Our review of the record discloses that the appeal of the August 9 judgment is without merit. Rash argues that the default judgment should be set aside because the FSA's calculation of the amount owed on the loans is erroneous. Specifically, Rash claims that the FSA failed to deduct from the amount owed over $40,000 in payments for which he asserts has

---

[*] In the affidavit supporting its motion seeking a default judgment, the United States averred that the $56,204.29 figure represented the "amount outstanding on the debt addressed in [its] complaint" and was "net of all payments received during the pendency of the bankruptcy proceedings from liquidation of collateral, offsets of federal payments, and payments from the Chapter 13 [Bankruptcy] Trustee."

receipts and an additional $10,000 payment.  Rash also appears to suggest that allowing the judgment to remain intact is not equitable because the FSA failed to seize all of the chattel property and vehicles.  We conclude that these arguments should be raised in a motion to set aside the default judgment in the district court under Fed. R. Civ. P. 55(c) and 60(b).  United States v. U.S. Currency Totalling $3,817.49, 826 F.2d 785, 787-88 (8th Cir. 1987).

Accordingly, we affirm the August 9 default judgment, but we do so without prejudice to Rash's filing a motion to set aside the judgment in the district court.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED