**BARBER v. TURBERVILLE.**
**No. 11950.**

United States Court of Appeals
District of Columbia Circuit.

Argued Jan. 13, 1954.

Decided Aug. 2, 1954.

Mr. Denis K. Lane, Washington, D. C., for appellant.

Mr. Fred Somkin, Washington, D. C., with whom Mr. John J. O'Brien, Washington, D. C., was on the brief, for appellee.

Before PRETTYMAN, FAHY and DANAHER, Circuit Judges.

DANAHER, Circuit Judge.

Plaintiff-appellee, Angeline Turberville, secured a default judgment for

$10,000 against the defendant-appellant, Emma Barber. After denial of the defendant's motion to reopen and set aside the judgment and to vacate the default, defendant appealed. Plaintiff's complaint had alleged in the first count that defendant had alienated the affections of plaintiff's husband, William H. Turberville, and in the second count, criminal conversation was charged. Shortly before instituting this action, Angeline Turberville had commenced a maintenance suit against her husband. We may observe that the two cases soon became as involved as the relationships among the respective parties were alleged to have been. The plaintiff was represented in both actions by her present attorney. Representing William H. Turberville in the maintenance suit was an attorney named Bartle. To this same Bartle, the day following service upon her Emma Barber brought a copy of the summons and complaint in this case. Plaintiff had endorsed upon the complaint a demand for trial by jury. Attorney Bartle failed to enter an appearance in behalf of the defendant Barber or to file an answer to the complaint. From affidavits and motion papers on file we have culled additional purported facts.

Attorney Bartle told defendant Barber he would take care of the case for her and that she would hear from him later. Thereafter she talked with Bartle on several occasions and was informed that he was talking to the plaintiff's lawyer and that he was trying to arrange a settlement out of court. Plaintiff's counsel insisted that the negotiations for settlement under discussion involved the maintenance action between the plaintiff and her husband and that plaintiff's counsel had never sought a settlement of the instant case. The depositions of all three respective principals seem to have been taken in Turberville v. Turberville, proceedings in which engaged the attention of the District Court at one time or other in 1951, 1952, and 1953, and both sides having made reference thereto, we do likewise.

On August 29, 1951 no appearance having been entered and no responsive pleading having been filed in behalf of defendant Barber, a default was entered upon plaintiff's application. The case was continued on the jury list, however, until May 23, 1952 when without notice to Barber, the plaintiff withdrew her demand for jury trial. The District Court, sitting without a jury, thereupon heard the plaintiff's evidence, despite the absence of the defendant and her counsel. The count alleging alienation of affections was dismissed for failure of proof, but judgment was entered on May 28, 1952 for the plaintiff to recover $10,000 for criminal conversation.

On June 26, 1952, Attorney Bartle moved the District Court for an order to vacate and set aside the default and the judgment entered on May 28, 1952 setting forth that the complaint had been given to him but through oversight an answer was not filed "because the complaint became mixed with another file"; that negotiations for settlement were under discussion in the instant case and the companion case of Turberville v. Turberville as late as May 21, 1952; that the defendant's attorney was not aware until June 23, 1952 that a default judgment had been taken; that the defendant had a valid defense to both counts; that the plaintiff's position would not be jeopardized, and finally that "defendant has a just and complete defense to said claim against her herein, as fully appears by defendant's verified answer to the complaint herein, annexed hereto and made a part hereof, which the defendant hereby submits in this cause, plaintiff having been duly served with a copy of said answer." The plaintiff filed her opposition to defendant's motion to vacate, and thereafter, on September 8, 1952, defendant's motion was denied, and the verified answer was never filed.

By December 16, 1952 defendant had engaged new counsel to supplant Bartle, who continued however into January 1953 as attorney for Turberville. Her present attorney then filed a motion to

vacate and set aside the judgment, to allow the defendant to file an answer and defend on such terms as may be just, setting forth as grounds excusable neglect, that the judgment was void, that the damages were excessive, that she failed to receive competent representation of counsel and "that the defendant has not waived her right to trial by jury." The defendant's supporting affidavit further set out that Attorney Bartle had not informed her that a default had been taken against her, had not informed her of a right to appeal after the default judgment had been entered and that "she is advised and believes that she has a defense to the action of the plaintiff." After further opposition by the plaintiff, on July 27, 1953 the defendant's motion to vacate and set aside, amended as shown, was denied. This appeal followed.

Rule 55(c) of the Federal Rules of Civil Procedure provides that:

"For good cause shown the court may set aside an entry of default , and, if a judgment by default has been entered, may likewise set it aside in accordance with Rule 60 (b)."

And Rule 60(b) of the Federal Rules of Civil Procedure, in pertinent part, further provides as follows:

"On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; . . . or (6) any other reason justifying relief from the operation of the judgment. . . ."

■ In our opinion Rules 55(c) and 60(b) should be given a liberal construction. The dismissal by the trial judge of the first count of the complaint and the substantial reduction of the award below the damages claimed under the second count indicate at the very least, that mitigating circumstances exist. For the plaintiff's part, no intervening equities are alleged which would cause hardship in the event the default were vacated, and the defendant has offered to post security for the amount of the judgment. Under these circumstances, consideration certainly may be given to the claims of a party requesting a proper trial of the action. See Bridoux v. Eastern Air Lines, Inc., 1954, 93 U.S.App. D.C. 369, 214 F.2d 207; Tozer v. Charles A. Krause Milling Co., 3 Cir., 1951, 189 F.2d 242, 245.

■ That the defendant personally was not negligent in the protection of her interests seems clear from the facts recited. In situations such as are here disclosed, the courts have been reluctant to attribute to the parties the errors of their legal representatives. See e. g. Elias v. Pitucci, D.C.E.D.Pa.1952, 13 F.R. D. 13; Kantor Bros. v. Mutual Construction Co., D.C.E.D.Pa.1943, 3 F.R.D. 227; Robins v. Pitcairn, D.C.N.D.Ill.1940, 3 F.R.S. 60b.21, Case 2.

■ As has already been indicated, the respective causes of action were closely interrelated. The conduct of the plaintiff's husband and his relationship to the defendant in the instant case were the subject of inquiry in both cases. That negotiations for settlement in Turberville v. Turberville were conducted over a protracted period is not disputed. The peculiar circumstances at least convince us that it was not unreasonable for the defendant to assume that settlement negotiations admittedly in progress in Turberville v. Turberville, related to the instant case as well.

Thus we hold that the record presents a case of "excusable neglect," and we reverse the judgment and remand the case for a new trial. Since the relief may be granted "upon such terms as are just" (Rule 60(b), Federal Rules of Civil Procedure), the defendant will pay all costs of this appeal.

This disposition of the case makes it unnecessary for us to pass upon the point as to whether the plaintiff's demand for trial by jury was properly withdrawn "without the consent of the parties."

See Rule 38(d), Federal Rules of Civil Procedure, and 5 Moore's Federal Practice 172, 344 (2d ed. 1951). It may well seem that even after default, the issue as to damages should have been submitted to the jury in accordance with the provisions of Rule 55(b), Federal Rules of Civil Procedure, at least "to determine the amount of damages." In Thorpe v. National City Bank, 5 Cir., 1921, 274 F. 200 at page 202, the court said:

> "A default by a defendant does not concede the amount of the damages; but only that the plaintiff is entitled to recover some damages. Without plea he is entitled to contest the amount of the damages on the writ of inquiry."

 See also Klapprott v. United States, 1949, 335 U.S. 601, 611, 612, 69 S.Ct. 384, 93 L.Ed. 266; Peitzman v. City of Illmo, 8 Cir., 1944, 141 F.2d 956, 962, 963, certiorari denied, 1944, 323 U.S. 718, 65 S.Ct. 47, 89 L.Ed. 577. Surely, in a case such as this, it is the better practice, if not actually compelled,[1] that the issue as to damages be submitted to the jury. Bass v. Hoagland, 5 Cir., 1949, 172 F.2d 205, certiorari denied, 1949, 338 U.S. 816, 70 S.Ct. 57, 94 L.Ed. 494; Cinque v. Langton, D.C.E.D. N.Y.1944, 8 F.R.S. 55b.224, Case 1. The plaintiff having endorsed upon the complaint a demand for a jury trial, the defendant here neither knowingly assented to the abandonment of her right to a jury determination of the unliquidated damages nor consented to the withdrawal of the plaintiff's demand. Nor did the trial judge find that a right of trial by jury does not exist under the Constitution or statutes of the United States. See Rule 39(a), Federal Rules of Civil Procedure.

The judgment of the District Court will be reversed and set aside and the default will be vacated. Unless the parties shall consent to waive a jury trial, a new trial before a jury will be had on all issues. Gasoline Products Co. v. Champlin Refining Co., 1931, 283 U.S. 494, 51 S.Ct. 513, 75 L.Ed. 1188.

Reversed and remanded for further proceedings in accordance with this opinion.

PRETTYMAN, Circuit Judge (dissenting).

I would affirm this judgment.

Mrs. Turberville filed two civil actions in 1951, one in January against her husband and the other in March against Mrs. Barber. The action against her

---

[1]. When Rule 38(a) sets forth that "The right of trial by jury as declared by the Seventh Amendment to the Constitution or as given by a statute of the United States shall be preserved to the parties inviolate", it clearly reflects the thoroughly established policy of our law. The Rules have been drafted pursuant to authority conferred by the Act of June 19, 1934, 28 U.S.C. § 2072 (1952), and they have the effect of statutes. See Bass v. Hoagland, 5 Cir., 1949, 172 F.2d 205, certiorari denied, 1949, 338 U.S. 816, 70 S.Ct. 57, 94 L.Ed. 494. We have held that the Rules even invalidate contrary provisions of the District of Columbia Code. Shima v. Brown, 1943, 77 U.S. App.D.C. 115, 133 F.2d 48, certiorari denied, 1943, 318 U.S. 787, 63 S.Ct. 982, 87 L.Ed. 1154.

Rev.Stat. § 648 provided: "The trial of issues of fact in the circuit courts shall be by jury, except in cases of equity and of admiralty and maritime jurisdiction, and except as otherwise provided in proceedings in bankruptcy, and by the next section." Rev.Stat. § 649 provided: "Issues of fact in civil cases in any circuit court may be tried and determined by the court, without the intervention of a jury, *whenever the parties, or their attorneys of record, file with the clerk a stipulation in writing waiving a jury.* . . . ." (Emphasis supplied.) See Kearney v. Case, 1870, 12 Wall. 275, 20 L.Ed. 395. Cf. Title 28 U.S.C. § 770 (1946) providing in pertinent part: "The trial of issues of fact in the district courts . . . shall be by jury. . . . "

Thus the Rules simply reverse the procedure, so that the jury trial once automatic unless waived, is now available and so "preserved" upon demand of "any party." Rule 38(b). "A demand for trial by jury made as herein provided may not be withdrawn without the consent of the parties." Rule 38(d). And see Rule 39.

husband proceeded through motions, answers and depositions to judgment. Mrs. Barber did not appear in response to the summons served on her and filed no response to the action against her. Her answer was due twenty days after the service of the summons, which would have been about the 9th of April. The Federal Rules of Civil Procedure, Rule 55, provide for entry of judgment by default. Mrs. Turberville's counsel waited from March 19th to August 29th and on the latter date applied for judgment by default. Default judgment was entered. Nothing then happened until May, 1952, almost nine months after entry of the default judgment. The matter then came on for trial before the District Court, evidence was taken, and the court made findings of fact and conclusions of law and entered a judgment for damages. No appeal was noted from that judgment, but a month later a motion to vacate the default judgment was filed and an answer was proffered. The District Court denied the motion to vacate. No· appeal was taken by Mrs. Barber from that denial. Thus the sum of the situation is that in perfectly orderly process, without haste, a plaintiff filed her action and judgment was entered for her.

The court is relieving defendant from the judgment against her principally on the ground that her counsel was negligent. I think the court should hold lawyers responsible for inexcusable neglect. If courts say that counsel for defendants can neglect without excuse their clients' business but no ill effects to the clients will be permitted to result from this negligence, complete chaos in judicial proceedings will surely result. The negligence of her lawyer may have damaged Mrs. Barber in the sum of $10,000.[1] But, where damages, in the form of an award to a third party, are inflicted upon a business man, a doctor, or a hospital by the negligence of his or its duly authorized agent, the courts do not relieve the principal from such damages. If a patient secures a judgment against a doctor because of the negligence of the doctor's assistant, we do not relieve the doctor because the negligence was that of his employee. I see no reason why we should protect a person against a judgment against him resulting from the negligence of his duly authorized attorney. In all such cases the principal may have a right of action against his agent, but that is a different problem. Doctors are liable for malpractice; I see no reason why lawyers should not be.

I think that the right to jury trial which a defendant would have in a civil action does not survive his failure to appear in any manner in the action. In the case before us the plaintiff, in accordance with the usual custom, demanded a jury trial in her complaint. The defendant named in the complaint did not even appear. Civil Rule 38(d) says: "A demand for trial by jury made as herein provided may not be withdrawn without the consent of the parties." I think "parties" in this Rule means people who have appeared. Otherwise every case in which the plaintiff follows the customary form and includes in his complaint a demand for jury trial would have to take its place on the jury docket and await jury trial.

Rule 5(a) of the Civil Rules provides that orders, pleadings subsequent to the complaint, notices, appearances, demands, etc., shall be served upon every party affected, "but no service need be made on parties in default for failure to appear" except service of pleadings asserting new claims against him. Rule 55(b)(2) provides in part: "If the party against whom judgment by default is sought has appeared in the action, he (or, if appearing by representative, his representative) shall be served with written notice of the application for judgment at least 3 days prior to the hearing on such application." Those provisions make it perfectly clear that a

1. I do not make the positive statement that she was damaged by the negligence of the lawyer, because it might be shown that the judgment would have gone against her in any event.

named defendant who does not appear is not entitled to notice of anything that goes on in the lawsuit, not even to a notice of an application for default judgment. How, then, can it be said that he is a "party" for any other procedural purposes? I think a named defendant must make an appearance before he has a right to require that the case against him be submitted to a jury. His failure to respond to the summons ought to be construed as a waiver of whatever procedural rights he has; it ought not to be treated as an impregnable insistence upon such rights. I believe such to be the purpose, intent and meaning of the Rule. As everybody knows, if every civil action in which no appearance was entered for the defendant were set down on the jury docket, the courts would be hopelessly overwhelmed. I think defendants ought not be permitted to delay and confuse proceedings against them by merely ignoring the court's summons.

The court says that the defendant did not knowingly consent to the abandonment of her right to jury trial. But surely it cannot be held that an act inexcusably negligent was not "knowingly" done. This defendant through inexcusable neglect failed to appear in the lawsuit. It seems to me that that failure constituted a knowing abandonment. The court cites Bass v. Hoagland [2] and Cinque v. Langton.[3] In the Bass case the defendant appeared but failed to answer. I have no quarrel with a rule that a defendant who has appeared is thereafter a "party"; indeed the Rules seem to me to be clear on that proposition. In the Cinque case the facts were odd, but the sum of it was that the defendant, without an attorney, sent his answer to the plaintiff's counsel, who did not actually file it but moved to strike it. The court did strike it. Obviously the court treated the defendant as being in the case. It ruled upon the basis that he had

failed to answer, not that he failed to appear.

Furthermore, I think this court ought not in its discretion at this late date in these proceedings require another trial of this civil action before a jury. Trial before the court, where evidence is received and findings made, is as valid a judicial proceeding as is a jury trial, unless a jury has been validly demanded. A jury trial must be demanded, despite the constitutional provision. Such is the provision of the Civil Rules, Rule 38(a) and (d).[4]

---

2. 5 Cir., 1949, 172 F.2d 205, certiorari denied, 1949, 338 U.S. 816, 70 S.Ct. 57, 94 L.Ed. 494.

3. 8 Fed.Rules Serv. 55b.224, Case 1 (E.D. N.Y.1944).

4. See discussion in 5 Moore, Federal Practice § 38.19[3] (2d ed. 1951).