**L. P. STEUART, INC., Appellant,**

**v.**

**Joseph H. MATTHEWS, Appellee.**

**No. 17504.**

United States Court of Appeals District of Columbia Circuit.

Argued Oct. 31, 1963.

Decided Jan. 16, 1964.

Petition for Rehearing En Banc Denied March 9, 1964.

Mr. Joseph S. McCarthy, Washington, D. C., with whom Mr. Joseph P. Clancy, Washington, D. C., was on the brief, for appellant.

Mr. Joseph D. Bulman, Silver Springs, Md., with whom Messrs. Sidney M. Goldstein, Arthur S. Feld and Roscoe A. Faretta, Washington, D. C., were on the brief, for appellee.

Before EDGERTON and PRETTYMAN, Senior Circuit Judges, and WILBUR K. MILLER, Circuit Judge.

EDGERTON, Senior Circuit Judge.

Appellee Matthews was injured on February 7, 1957, by a car driven by an employee of appellant L. P. Steuart, Inc. On February 5, 1960, two days before the statute of limitations would have barred his claim, Matthews filed suit. On October 19, 1960, the complaint was dismissed without prejudice, after notice to his then counsel, for failure to prosecute. Two years later, on October 22, 1962, the plaintiff by new counsel moved to reinstate the suit. The District Court granted the motion and the defendant appeals.

In support of appellee's motion to reinstate, his former counsel made affidavit that he had been "beset with personal problems" which involved a serious illness of his wife and the recent deaths of his parents. Appellee made affidavit that he and others in his behalf made "numerous inquiries of" his former counsel who "refused to answer such inquiries" and assured appellee "from time to time" that "the case was proceeding and that settlement of it would be made 'soon'." There is no suggestion that there was any foundation for counsel's reassuring statements. In March, 1962, appellee learned, but only by personally checking with the Clerk of the District Court, that his case had been dismissed for failure to prosecute. His former counsel then told him "that steps would be taken to reinstate the case" but took no action, and again refused to answer inquiries.

Rule 60(b) of the Federal Rules of Civil Procedure provides: "On motion and upon such terms as are just, the court may relieve a party * * * from a final judgment, order or proceeding for * * (1) mistake, inadvertence, surprise, or excusable neglect * * * or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, order or proceeding was entered or taken."

Appellant says appellee's motion to reinstate was barred by the one-year time limit in clause (1) concerning excusable neglect. But the District Court did not act on the theory of excusable neglect. On the contrary, it expressly applied the " 'catch-all' rule" 60(b) (6). Counsel's neglect was not excusable and the court, by clear implication, so found. The judge said he felt "that in this particular case the client, plaintiff, a person unfamiliar with court procedures, should not be penalized by the action of his counsel, who admittedly did not attend to the matter when he received notice of the contemplated dismissal." On the part of Matthews himself there was no neglect. Cf. United States v. Karahalias, 205 F.2d 331, on rehearing 334 (2d Cir. 1953). Clause (1) of Rule 60(b) is not and clause (6) is broad enough to permit relief when as in this case personal problems of counsel cause him grossly to neglect a diligent client's case and mislead the client. Clause (6) "vests power in

courts adequate to enable them to vacate judgments whenever such action is appropriate to accomplish justice." Klapprott v. United States, 335 U.S. 601, 614–615, 69 S.Ct. 384, 93 L.Ed. 266 (1949). In re Estate of Cremidas, 14 F.R.D. 15 (D.Alaska 1953). In concluding that reinstatement was appropriate to accomplish justice in this case, the District Court did not abuse its discretion.

Affirmed.

WILBUR K. MILLER, Circuit Judge (dissenting):

In this case the alleged tort occurred February 7, 1957, but the complaint was not filed until February 5, 1960, just as the three-year period of limitation was about to run. Then followed another period of inactivity on the part of appellee, because of which his complaint was dismissed October 19, 1960, as of the previous August 26. Appellee's counsel who had filed the suit admitted that he received notice of the dismissal, but appellee claims he had no personal knowledge of it until "on or about March 1962." Even then he took no action until October 22, 1962, when through different counsel he filed the motion to reinstate with which we are now concerned. Purportedly acting under Civil Rule 60(b),[1] the trial judge granted the motion to reinstate which was made more than two years after the suit was dismissed for want of prosecution.

The first question is one of timeliness: (a) if the motion was made and granted for "excusable neglect" as permitted by subsection (1) of the Rule, the motion was untimely and reinstatement pursuant to it was error, as such a motion may not be made more than one year after the entry of the order from which relief is sought; (b) on the other hand, if the motion was made and granted under subsection (6), that is, for any reason other than excusable neglect or some other ground listed in subsections (1), (2) and (3), the motion was not timely and reinstatement pursuant to it was error, because the motion was not made within a reasonable time after the entry of the dismissal from which relief was sought, as Rule 60(b) requires. I do not believe that a motion made more than two years later can be said to have been made within a reasonable time, when the circumstances of this case are considered. In fact, as this motion was not made until more than six months after the appellee admits that he personally learned of his counsel's inexcusable neglect, it seems clear to me that the motion was not made within a reasonable time thereafter.

To be sure, the trial judge said he was acting under subsection (6) but I suggest his recitation to that effect is not conclusive. Applying the wrong label to a package does not change the nature of its contents: for example, flour in a sack labelled "corn meal" is flour, nevertheless. So it is here. If the trial judge really acted under subsection (1) pursuant to a motion which was indubitably untimely under that subsection, he did not change that fact by saying he acted under subsection (6).

The order of dismissal was entered because of the "lack of due diligence on the

[1]. The pertinent portion of that Rule is as follows:

"On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken. * * *"

Text:

part of the then counsel for plaintiff," as the trial judge found. This was, of course, neglect on the part of appellee's counsel,—the majority opinion characterizes it as gross neglect. The only question on the tardy motion to reinstate —laying aside for the moment the question of limitation—was whether the neglect was excusable and therefore a ground for relief under subsection (1). Obviously it was not, for lack of due diligence is inexcusable and the trial court did not hold otherwise. Certainly, gross neglect, as the majority call it, is inexcusable.

Apparently recognizing that the lack of due diligence on the part of appellee's counsel could not be called excusable neglect, the trial judge concluded that the inexcusable neglect of his counsel which caused the dismissal should not be charged against appellee himself; and held that in this instance, contrary to the general rule, the appellee was not bound by the action of his counsel. If that were true, the only possible result would be that the lack of due diligence which was inexcusable neglect on the part of counsel became excusable neglect on the part of appellee himself. But that would not permit reinstatement under subsection (1) because the motion therefor was filed more than two years after dismissal.

The trial judge turned, therefore, to subsection (6) as a basis for granting reinstatement. He found the "other reason justifying relief" in his conclusion that the appellee should not be charged with the consequences of his counsel's inexcusable neglect, and in his further conclusion that therefore the appellee himself was not guilty of any neglect—excusable or inexcusable. In other words, he decided that the appellee was entitled to relief from the order of dismissal because he thought the appellee was not responsible for his counsel's inexcusable neglect. No "other reason justifying relief" was suggested, and none appears. It follows that there was no reason for acting under subsection (6) if the trial judge was mistaken in holding that the appellee could not be charged with his counsel's inexcusable neglect.

The trial judge conceded in his memorandum that

"The law is quite clear that under the usual circumstances the party to an action is bound by the action of his counsel. This is clearly set forth by the Supreme Court as recently as 1962 in Link v. Wabash Railroad Company [370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed.2d 734]. * * *"

But, expressly relying on the dissenting opinion in the *Link* case, he said:

"The Court feels that in this particular case the client, plaintiff, a person unfamiliar with court procedures, should not be penalized by the action of his counsel, who admittedly did not attend to the matter when he received notice of the contemplated dismissal."

The majority of the Supreme Court said, however, in the *Link* case, 370 U.S., at pages 633–634, 82 S.Ct. at page 1390:

"There is certainly no merit to the contention that dismissal of petitioner's claim because of his counsel's unexcused conduct imposes an unjust penalty on the client. Petitioner voluntarily chose this attorney as his representative in the action, and he cannot now avoid the consequences of the acts or omissions of this freely selected agent. Any other notion would be wholly inconsistent with our system of representative litigation, in which each party is deemed bound by the acts of his lawyer-agent and is considered to have 'notice of all facts, notice of which can be charged upon the attorney.' Smith v. Ayer, 101 U.S. 320, 326, 25 L.Ed. 955."

This is, I think, a plain pronouncement that, in circumstances like those present here, a client is bound not only by the acts but also by the omissions of his employed attorney.

Thus, the Link case nullified our decision in Barber v. Turberville, 94 U.S.App. D.C. 335, 218 F.2d 34 (1954), where two of our judges took the opposite view. In effect, the Supreme Court adopted the

238

view of the dissenting opinion in the *Barber* case in which Judge Prettyman said, 94 U.S.App.D.C. at page 339, 218 F.2d at page 38:

"The court is relieving defendant from the judgment against her principally on the ground that her counsel was negligent. I think the court should hold lawyers responsible for inexcusable neglect. If courts say that counsel for defendants can neglect without excuse their clients' business but no ill effects to the clients will be permitted to result from this negligence, complete chaos in judicial proceedings will surely result. The negligence of her lawyer may have damaged Mrs. Barber in the sum of $10,000. But, where damages, in the form of an award to a third party, are inflicted upon a business man, a doctor, or a hospital by the negligence of his or its duly authorized agent, the courts do not relieve the principal from such damages. If a patient secures a judgment against a doctor because of the negligence of the doctor's assistant, we do not relieve the doctor because the negligence was that of his employee. I see no reason why we should protect a person against a judgment against him resulting from the negligence of his duly authorized attorney. In all such cases the principal may have a right of action against his agent, but that is a different problem. Doctors are liable for malpractice; I see no reason why lawyers should not be."

This cogent statement by Judge Prettyman, lately adopted in substance by the Supreme Court, is a complete refutation of the position taken by the trial judge as the basis of his decision.

The appellee suggests in his brief that the appellant has not shown it will be prejudiced by the reinstatement. The probability of prejudice is self-evident. The alleged tort occurred February 7, 1957, and it is plain that appellant's witnesses may not be available for the trial now ordered, which cannot take place until 1964. That is one of the reasons for statutes of limitations in such cases. A plaintiff should have full opportunity to present his case, but he should not be allowed to "soldier" on the job as this appellee has done and obtain a trial after many years of delay caused by inexcusable neglect justly attributable to him.

For the reasons stated, I would reverse the order of reinstatement.