**DAVE KOHEL AGENCY, INC., Plaintiff,**

v.

**REDSHAW, INC. and Verde Systems, Defendants.**

No. 89–C–342.

United States District Court,
E.D. Wisconsin.

May 27, 1993.

Robert N. Meyeroff, Milwaukee, WI, for plaintiff.

G. George Lawrence, Russell A. Klingaman, Hinshaw & Culbertson, Milwaukee, WI, for defendants.

### ORDER

WARREN, Senior District Judge.

In this dispute over an agreement to provide computer software, plaintiff Dave Kohel Agency, Inc. ("Kohel") now moves the Court pursuant to Rule 60(b), Fed.R.Civ.P., to vacate the judgment entered in favor of defendants Redshaw, Inc. and Verde Systems Inc., ("Redshaw") on September 24, 1992. For the following reasons, Kohel's motion is denied.

## I. PROCEDURAL BACKGROUND

Kohel initiated this action in a Complaint filed on March 23, 1989, charging Redshaw with breach of contract and misrepresentation regarding an alleged computer software agreement. (*See* Complaint at ¶¶ 1–17.) The case proceeded to trial on September 14, 1992. On the basis of the jury's verdict, judgment was entered in favor of Redshaw on September 24, 1992, and Kohel was awarded nothing.

On October 9, 1992, Redshaw filed a motion to tax costs and a proposed bill of costs. On October 15, 1992, Kohel filed a pleading entitled "Brief Opposing Judgment and Bill of Costs Submitted by the Defendant, Redshaw, Inc." On October 20, 1992, Redshaw submitted another proposed bill of costs with its reply brief. Costs were thereafter taxed against Kohel in the amount of $9,064.30 on November 24, 1992.

On December 11, 1992, *nunc pro tunc* November 24, 1992, the Court, exercising its discretion under Rule 60(a), Fed.R.Civ.P., dismissed Kohel's one-paragraph objection, devoid of supporting authority, to the September 24, 1992 judgment, finding that Kohel had made no timely *motion* of the Court. (*See* Order of December 11, 1992.) Seven days later, Kohel brought this motion to vacate the predicate judgment.

## II. DISCUSSION

### A. Legal framework

██ Rule 60(b), Fed.R.Civ.P., states in relevant part:

**Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud, etc.** On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment ... for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; ... (6) any other reason justifying relief from the operation of the judgment.

Fed.R.Civ.P. 60(b) (emphasis in original). To begin, it must be recognized that Rule 60(b) "provides for extraordinary relief and may be invoked only upon a showing of exceptional circumstances." *Peacock, et al. v. Board of School Commissioners of the City of Indianapolis,* 721 F.2d 210, 213 (7th Cir. 1983); *DiVito v. Fidelity and Deposit Company of Maryland,* 361 F.2d 936, 938 (7th Cir.1966). Thus, in considering motions pursuant to Rule 60(b)(1), the Seventh Circuit has frequently held that the scope of "inadvertence" or "excusable neglect" therein is not so broad as to entitle a party to relief from the results of mere negligence or carelessness. *Lomas and Nettleton Co. v. Wisely,* 884 F.2d 965, 967 (7th Cir.1989); *North Central Illinois Laborers' District Council v. S.J. Groves & Sons Co., Inc.,* 842 F.2d 164, 167 (7th Cir.1988); *Western Transportation Co. v. E.I. DuPont de Nemours and Co.,* 682 F.2d 1233, 1236 (7th Cir.1982); *Bershad v. McDonough,* 469 F.2d 1333, 1337 (7th Cir. 1972). "Neither ignorance nor carelessness on the part of the litigant or his attorney provide grounds for relief under Rule 60(b)(1)." *Lomas,* 884 F.2d at 967 (quoting *Kagan v. Caterpillar Tractor Co.,* 795 F.2d 601, 607 (7th Cir.1986). In order to obtain relief under Rule 60(b)(1), therefore, some justification for the error beyond failure to exercise due care must be shown. *Lomas,* 884 F.2d at 967; *Western Transportation,* 682 F.2d at 1236.

██ Whether or not adequate justification has been given for the purposes of Rule 60(b)(1) is ultimately a determination that

rests within the sound discretion of the district court. *Marane, Inc. v. McDonald's Corp.*, 755 F.2d 106, 112 (7th Cir.1985). As such, a district court's denial of relief pursuant to a Rule 60(b)(1) motion may only be overturned for an abuse of discretion. *De-Rango v. United States*, 864 F.2d 520, 522 (7th Cir.1988). In light of the extraordinary nature of the remedy, *Peacock*, F.2d at 213, however, the standard of review works in both directions. A district court's *grant* of Rule 60(b) relief on the basis of a negligent mistake, for example, would also comprise an abuse of discretion. *Western Transportation*, 682 F.2d at 1236.

## B. Analysis

Essentially, Kohel argues that its failure to timely file notice of appeal of this Court's September 24, 1992 judgment was excusable neglect. (Kohel's untitled brief in support of Kohel's Motion to Vacate ("Kohel's Brief") at 2.) While admitting that it received actual notice of that final judgment, (*id.*), and that it failed (in error) to consider it as a judgment from which appeal must be taken, (*id.*), Kohel credits its neglect to the confusion allegedly created by Redshaw's submission to the Court, on October 9, 1992 and October 20, 1992, of two proposed judgments and (incredibly) this Court's subsequent disinclination to "provide notice as to whether those judgments would or would not be signed." (*Id.*) As the proposed judgments were submitted within the time for filing an appeal, asserts Kohel, (*id.*), and it "thought the Court was going to sign one of the[m]," (*id.* at 3), it neglected to take appeal from the September 24, 1992 judgment. As such, Kohel asserts, it should not be made to bear the yoke of its "attorney's misreading of the Federal Rules of Civil Procedure." (*Id.* at 3.)

In response, Redshaw asserts, but does not further discuss, that Kohel fails to demonstrate its default resulted from excusable neglect. (Redshaw, Inc.'s Brief in Opposition to Plaintiff's Motion to Vacate the Judgment ("Redshaw's Brief") at 2–11.) Redshaw further argues that the Court has no jurisdiction over Kohel's motion, in that it is actually an improper attempt to extend the time allowed for filing notice of appeal pursuant to Rule 4(a), Fed.R.App.P. (*Id.* at 2–11).

■ As for Redshaw's latter argument, the Court agrees with the premise but disagrees with the conclusion. Rule 4(a), Fed.R.App.P., states in relevant part:

**Appeals in Civil Cases.**

(1) In a civil case in which an appeal is permitted by law as of right from a district court to a court of appeals the notice of appeal required by Rule 3 shall be filed with the clerk of the district court within 30 days after the date of entry of the judgment. . . .

\* \* \* \* \* \*

(5) The district court, upon a showing of excusable neglect or good cause, may extend the time for filing a notice of appeal upon motion filed not later than 30 days after the expiration of the time prescribed by this Rule 4(a). . . . No such extension shall exceed 30 days past such prescribed time or 10 days from the date of entry of the order granting the motion, whichever occurs later.

Fed.R.App.P. 4(a) (emphasis in original). Indeed, it is true that the timely filing of notice of appeal thereunder is mandatory and jurisdictional. *Browder v. Director, Illinois Dept. of Corrections*, 434 U.S. 257, 98 S.Ct. 556, 54 L.Ed.2d 521 (1978); *Reinsurance Co. of America, Inc. v. Administratia Asigurarilor de Stat*, 808 F.2d 1249, 1251 (7th Cir.1987); *United States ex rel. Leonard v. O'Leary*, 788 F.2d 1238, 1239 (7th Cir.1986). Given that, it comes as no surprise that courts have greeted attempts to circumvent Rule 4(a), Fed.R.App.P., by means of Rule 60(b), Fed.R.Civ.P., with universal disfavor. *See, e.g., Spika v. Village of Lombard, Illinois*, 763 F.2d 282 (7th Cir.1985) (affirming denial of vacation sought pursuant to Rule 60(b) where plaintiff failed to timely appeal because clerk never informed parties that judgment had been entered, and plaintiff had not been diligent in ascertaining status of case), *cert. denied*, 474 U.S. 1056, 106 S.Ct. 793, 88 L.Ed.2d 771 (1986); *Williams v. Hatcher*, 890 F.2d 993, 995–96 (7th Cir.1989) (affirming denial of vacation to allow appeal because of unmet conditions set forth in *Spika, supra:*

lack of notice of judgment and exercise of diligent inquiry regarding case status); *Burnside v. Eastern Airlines,* 519 F.2d 1127, 1128 (5th Cir.1975) (motion under Rule 60(b) cannot be used as a substitute for a proper and timely appeal).

■ The Court notes that the exception cited by Kohel in *Expeditions Unlimited Aquatic Enterprises, Inc. v. Smithsonian Institute,* 500 F.2d 808, 810 (D.C.Cir.1974) (per curiam) (judgment may be vacated to preserve appeal where neither party has actual notice of entry of judgment, the winning party is not prejudiced, and the losing party moves to vacate within a reasonable time), (Kohel Reply at 4), is applicable only to motions pursuant to Rule 60(b)*(6),* Fed. R.Civ.P. To that extent, it has been expressly rejected by our Circuit. *See Spika,* 763 F.2d at 285; *Williams,* 890 F.2d at 995; *see also, Wilson v. Atwood Group,* 702 F.2d 77 (5th Cir.1983) (rejecting *Expeditions* ); *Mizell v. Attorney General of the State of New York,* 586 F.2d 942 (2nd Cir.1978) (criticizing *Expeditions* ). In any event, the *Expeditions* exception is fruitless here: Kohel *had* actual notice. (Kohel's Brief at 2; Kohel's Reply at 4.)

■ That is not to say, however, that because Kohel's time for appeal may have run, the Court is without jurisdiction to decide Kohel's Rule 60(b)(1) motion, and Redshaw points to no authority otherwise. Rule 60(b) plainly states that such motions may be made within a reasonable time, up to but not exceeding one year after judgment. Fed. R.Civ.P. 60(b). *But cf. Planet Corp. v. Sullivan,* 702 F.2d 123, 126 (7th Cir.1983) (what constitutes a reasonable time "depends on the facts of each case, taking into consideration the interest in finality, the reason for delay, the practical inability to learn earlier of the grounds relied upon, and prejudice to other parties") (citing *Ashford v. Steuart,* 657 F.2d 1053, 1055 (9th Cir.1981) (thirty (30) days held unreasonable when movant offered no explanation for his failure to challenge the ruling in question on direct appeal)). That a motion under Rule 60(b) does not suspend a judgment's finality, Fed.R.Civ.P. 60(b), and does not work to toll the time for appeal, *Ellingsworth v. Chrysler,* 665 F.2d 180, 183

(7th Cir.1981), as Redshaw might be expected to rejoin, bears not on whether the preconditions for vacation exist but whether timely notice of appeal has been filed, an issue not before the Court.

■ Nevertheless, the Court can dispose of Kohel's motion with dispatch, for Redshaw's former argument—that Kohel has failed to demonstrate excusable neglect—carries the day. Indeed, in the Court's view, the circumstances here demonstrate nothing more than mere carelessness. Kohel's attorney, by Kohel's own admission, simply misread the Federal Rules of Civil Procedure (in part by *not* reading, one surmises, the co-extensive Federal Rules of Appellate Procedure). (Kohel's Brief at 3.) Such ordinary (if lamentable) carelessness, however, does not comprise the excusable neglect required to invoke an extraordinary remedy. *See, e.g., Lomas,* 884 F.2d at 967 (district court abused its discretion in granting relief where attorney failed to appear at a foreclosure sale because of the breakdown of internal office procedures and careless oversight); *North Central Illinois Laborers' District Council,* 842 F.2d at 167 (no relief from default judgment where in-house counsel failed to inform outside counsel of summons and complaint resulting in outside counsel's failure to respond because "internal procedures simply broke down"); *Western Transportation Co.,* 682 F.2d at 1236 (computational error); *Bershad,* 469 F.2d at 1337 (error in listing number of shares of stock used to calculate amount of judgment).

■ Kohel's position cannot be redeemed, moreover, by severance from the acts of its attorney. While the Court is sympathetic to the plaintiff's plight, "[i]t is well-established that carelessness or lack of due care on the part of the litigant or [his] attorney does not provide a basis for relief under Rule 60(b)." *Williams,* 890 F.2d at 996 (7th Cir.1989) (bracketed text in original) (citing *McLaughlin v. Jung,* 859 F.2d 1310, 1312 (7th Cir.1988); *Western Transportation Co.,* 682 F.2d at 1236. Thus, at least in the absence of counsel's gross neglect, which might be cognizable under Rule 60(b)(6), Fed.R.Civ.P., as "any other reason justifying relief," *see Ben Sager Chemicals Int'l v. E.*

*Targosz & Co.,* 560 F.2d 805, 809–11 (7th Cir.1977), the movant is bound by the acts and omissions of his freely selected agent. *See, e.g., L.P. Steuart, Inc. v. Matthews,* 329 F.2d 234, 237–38 (D.C.Cir.) (Miller, J., dissenting), *cert. denied,* 379 U.S. 824, 85 S.Ct. 50, 13 L.Ed.2d 35 (1964); *United States v. Cirami,* 535 F.2d 736, 740–41 (2d Cir.1976); *Schwarz v. United States,* 384 F.2d 833 (2d Cir.1967); *see also Link v. Wabash Railroad Co.,* 370 U.S. 626, 633–34, 82 S.Ct. 1386, 1390–91, 8 L.Ed.2d 734 (1962) (Harlan, J.); 7 J. Moore, *Federal Practice* ¶ 60.27[2] at 365–72. *But see Jackson v. Beech,* 636 F.2d 831, 837 (D.C.Cir.1980).[1] The allegedly contrary holdings cited by Kohel on this issue are, in fact, inapposite. All are distinguishable from the instant case in that denial would have deprived the movant of an opportunity for an adjudication on the merits, a right Kohel has already exercised. *See Hassenflu v. Pyke,* 491 F.2d 1094, 1095 (5th Cir.1974) (summary judgment); *U.S. v. Moradi,* 673 F.2d 725 (4th Cir.1982) (default judgment); *Smith v. Widman Trucking & Excavating, Inc.,* 627 F.2d 792 (7th Cir.1980) (consent judgment entered without consent of principal); *Barber v. Tuberville,* 218 F.2d 34, 36 (D.C.Cir.1954) (default judgment). To hold otherwise, the Court finds, would be to trammel upon the defendants' right to repose and the strong public interest in finality of judgment—simply because Kohel's attorney failed to observe the plain mandate of the rules governing Kohel's actions in this Court—an unpalatable balance this Court is unwilling to strike. Kohel's remedy, if any, lies in tort. *See, e.g., G. Heileman Brewing Co., Inc. v. Joseph Oat Corp.,* 871 F.2d 648, 667 (7th Cir.1989); *Cote v. Wadel,* 796 F.2d 981, 983 (7th Cir.1986); *Helmbrecht v. St. Paul Ins. Co.,* 122 Wis.2d 94, 362 N.W.2d 118, 124 (1985); *Lewandowski v. Continental Casualty Co.,* 88 Wis.2d 271, 276 N.W.2d 284, 286 (1979).

■ Kohel's admission also casts a cloud over Kohel's subsequent equitable estoppel argument. Here, Kohel contends that defendants' proposed judgments "were a factor in causing the mistake or neglect," (Kohel's Brief at 4), namely in that "plaintiff's attorney relied on the actions of defense counsel requesting the Court to sign a proposed judgment ... [t]hat reliance caused the time for appeal to run." (*Id.; see also* Kohel's Reply at 1–5.)

■ Wisconsin courts, of course, recognize the principles of equitable estoppel. *First Bank Southeast, N.A. v. Predco, Inc.,* 951 F.2d 842, 851 (7th Cir.1992) (citing *Bank of Sun Prairie v. Opstein,* 86 Wis.2d 669, 273 N.W.2d 279, 284 (1979)). To establish equitable estoppel, three facts must be present: (1) action' or nonaction which induces; (2) reliance by another; (3) to his or her detriment. *Bank of Sun Prairie,* 273 N.W.2d at 284. Additionally, and fatally for Kohel, the reliance must be reasonable. *See, e.g., First Bank Southeast, N.A.,* 951 F.2d at 851 (citing *Consumer's Co-op v. Olsen,* 142 Wis.2d 465, 419 N.W.2d 211, 221 (1988) ("the reliance established in support of equitable estoppel must be reasonable")); *Moody v. Amoco Oil Co.,* 734 F.2d 1200, 1214 (7th Cir.) (citing *Kohlenberg v. American Plumbing Supply Co.,* 82 Wis.2d 384, 263 N.W.2d 496, 501 (1978) ("the reliance on the words or conduct of the other must be reasonable")), *cert. denied,* 469 U.S. 982, 105 S.Ct. 386, 83 L.Ed.2d 321 (1984); *Woodstock/Kenosha Health Center v. Schweiker,* 713 F.2d 285, 289 (7th Cir. 1983) ("reasonable reliance").

■ The Court fails to see how Redshaw's actions—in filing bills of costs and proposed judgment forms—induced Kohel's attorney to misread the applicable federal rules. In this regard, whether or not the proposed judgments applied to Dave Kohel individually, (Kohel Reply at 5–6), is entirely irrelevant. Certainly there is no evidence to suggest that Redshaw, by submitting proposed judgments, attempted or intended to obscure the language or effect of Fed. R.App.P. 4(a). Nor could Redshaw's propositions have been construed reasonably by Kohel as motions to amend pursuant to Rule 59(e), Fed.R.Civ.P., which would have tolled the time for appeal. A motion to amend

---

1. The Seventh Circuit expressly rejected the *Jackson* holding in *U.S. v. Dimucci,* 879 F.2d 1488, 1496 (7th Cir.1989) ("It seems clear to us that the law in this circuit is that an attorney's conduct must be imputed to his client in *any* context.") (emphasis in original).

judgment must be in writing, specify the ground on which the motion is based, and request relief. *St. Marys Hosp. Medical Center v. Heckler,* 753 F.2d 1362, 1365 (7th Cir.1985), *cert. denied,* 472 U.S. 1028, 105 S.Ct. 3502, 87 L.Ed.2d 633 (1985). Redshaw's proposed judgments neither requested relief nor specified any grounds therefor. Moreover, only a substantive motion, *i.e.,* one that would result in a substantive alteration of judgment, may be treated as a motion to amend pursuant to Rule 59, Fed.R.Civ.P. *U.S. v. Gargano,* 826 F.2d 610, 611 (7th Cir.1987) (citing *Charles v. Daley,* 799 F.2d 343, 347 (7th Cir.1986)). "Motions seeking collateral relief such as costs or legal fees do not come within Rule 59. . . ." *Lac du Flambeau Band of Lake Superior Chippewa Indians v. State of Wisconsin,* 957 F.2d 515, 517 (7th Cir.1992) (citing *Buchanan v. Stanships, Inc.,* 485 U.S. 265, 108 S.Ct. 1130, 99 L.Ed.2d 289 (1988)), *cert. denied,* — U.S. ——, 113 S.Ct. 91, 121 L.Ed.2d 53 (1992). This is so because such issues, touching none resolved by the judgment, need not be resolved prior to appeal. *Lac du Flambeau Indians,* 957 F.2d at 517. It is thus well-settled that a decision on the merits is final for the purposes of Rule 4(a), Fed.R.App.P., irrespective of outstanding costs or attorney fees questions. *See, e.g., United State v. Armendaris,* 790 F.2d 860 (11th Cir.1986); *Morgan v. Union Metal Mfg.,* 757 F.2d 792 (6th Cir. 1985); *see also Dunn v. Truck World, Inc.,* 929 F.2d 311 (7th Cir.1991); *Treuter v. Kaufman County, Texas,* 864 F.2d 1139 (5th Cir. 1989); *Vandenplas v. Muskego,* 797 F.2d 425 (7th Cir.1986). Thus, the Court finds, quite contrary to the situation in *Barber,* 218 F.2d at 36, the case cited by Kohel in which an attorney failed to file an answer in one case because protracted settlement negotiations were occurring in another closely interrelated case, resulting in default judgment in the former, (Kohel's Brief at 2), whatever reliance Redshaw's actions did incur here was unreasonable, thoroughly undermining any claim of estoppel.

## III. CONCLUSION

For the foregoing reasons:

**IT IS HEREBY ORDERED** that Kohel's motion to vacate this Court's judgment of September 24, 1992 is **DENIED.**

**SO ORDERED.**