Jimmy STEFANOPOULOS,
Plaintiff–Appellant,

v.

The CITY OF NEW YORK, Detective Stukonis, and Unidentified New York City Police Officer, Defendants–Appellees.

No. 07–1045–cv.

United States Court of Appeals, Second Circuit.

Nov. 5, 2008.

Bernard Ouziel, Great Neck, NY, for Appellant.

Michael A. Cardozo, Corporation Counsel of the City of New York (Larry A. Sonnenshein, Julian L. Kalkstein, of counsel), New York, NY, for Appellee.

PRESENT: Hon. ROBERT D. SACK, Hon. ROBERT A. KATZMANN, Hon. KELLY,[1] Circuit Judges.

## SUMMARY ORDER

Plaintiff Jimmy Stefanopoulos appeals from the January 16, 2007, order of the United States District Court for the Eastern District of New York denying the plaintiff's motion to be relieved of a judgment pursuant to Federal Rule of Civil Procedure 60(b)(6). We assume the parties' familiarity with the underlying facts and procedural history of the case.

In response to his post-arrest treatment by New York City police officers, on February 10, 2001, the plaintiff filed a complaint under 42 U.S.C. § 1983 and New York State tort law in the Eastern District of New York. On September 3, 2004, the defendants filed a motion for summary judgment. The plaintiff, through his coun-

1. The Honorable Paul J. Kelly of the United States Court of Appeals for the Tenth Circuit, sitting by designation.

sel, Thomas Sheehan, failed to appear or make a written submission in opposition to the motion. Following the standard for deciding unopposed summary judgment motions, under which "the district court must still assess whether the moving party has fulfilled its burden of demonstrating that there is no genuine issue of material fact and its entitlement to judgment as a matter of law," *Vermont Teddy Bear Co., Inc. v. 1–800 Beargram Co.*, 373 F.3d 241, 244 (2d Cir.2004), the court granted the summary judgment motion by memorandum and order dated February 28, 2005, and the clerk of the court entered judgment against the plaintiff on March 7, 2005. Several months later, the plaintiff's counsel was suspended from practice. He was also arrested and charged with criminal solicitation of a minor. On June 2, 2006, represented by new counsel, the plaintiff sought to be relieved from the judgment against him pursuant to Federal Rule of Civil Procedure 60(b)(6).

The district court denied the motion. It determined, *inter alia*, that "an attorney's gross negligence is not a basis for relief under Rule 60(b)(6)," and that "there is no indication here that Mr. Sheehan's conduct amounted to 'constructive disappearance.'"

"[Rule 60(b)(1) ] provides for relief from mistake, inadvertence, surprise, or excusable neglect. Generally this provision has been invoked to remedy the mistake of a party or his representatives." *Matter of Emergency Beacon Corp.*, 666 F.2d 754, 759 (2d Cir.1981). A motion under Rule 60(b)(1) must, however, be brought no more than one year after the entry of the judgment or order from which relief is sought. *See* Fed.R.Civ.P. 60(c)(1). The plaintiff's motion here was brought after that one-year period had elapsed. Apparently for that reason, the plaintiff invoked not Rule 60(b)(1), but Rule 60(b)(6), which permits relief for "any other reason that justifies it." *Id.* Such a motion may be brought "within a reasonable time." Fed. R.Civ.P. 60(c)(1).

Courts have occasionally granted a Rule 60(b)(6) motion to a party where his or her lawyer, by neglecting the case entirely, was guilty of gross negligence. *See L.P. Steuart, Inc. v. Matthews*, 329 F.2d 234, 235 (D.C.Cir.1964), *cert. denied* 379 U.S. 824, 85 S.Ct. 50, 13 L.Ed.2d 35 (1964); *Boughner v. Secretary of Health, Ed. and Welfare, U.S.*, 572 F.2d 976, 978 (3d Cir. 1978). We have, however, "consistently indicated a reluctance" to follow the approach of cases like *L.P. Steuart*. *Nemaizer v. Baker*, 793 F.2d 58, 63 (2d Cir. 1986); *see also U.S. v. Cirami*, 535 F.2d 736, 740 (2d Cir.1976). Based upon that "reluctance," we conclude that the district court did not abuse its discretion in denying the motion. *See Matarese v. LeFevre*, 801 F.2d 98 (2d Cir.1986).

For the foregoing reasons, the judgment of the District Court is hereby AFFIRMED.