**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 20-2375**

ALIA SALEM AL-SABAH,

       Plaintiff - Appellee,

   v.

JEAN AGBODJOGBE; N&A KITCHEN, LLC; N&A KITCHEN II, LLC; 5722
YORK ROAD, LLC; 9 JEWELS, LLC; ASA FOUNDATION, INC.,

       Defendants - Appellants,

   and

SHARESTATES INVESTMENTS, LLC; CHONDRITE ASSET TRUST,

       Intervenors/Defendants.

Appeal from the United States District Court for the District of Maryland, at Baltimore.
Stephanie A. Gallagher, District Judge.  (1:17-cv-00730-SAG)

Submitted:  October 18, 2021            Decided:  November 8, 2021

Before WYNN, HARRIS, and RICHARDSON, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Mohamed M. Bamba, LAW OFFICE OF MOHAMED BAMBA, Baltimore, Maryland,
for Appellants.  Michael B. MacWilliams, Michael J. Wilson, Elizabeth C. Rinehart,

VENABLE LLP, Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jean Agbodjogbe; N&A Kitchen, LLC; N&A Kitchen II, LLC; 5722 York Road, LLC; and 9 Jewels, LLC (collectively, Defendants) appeal the district court's order denying their Fed. R. Civ. P. 60 motion. Finding no reversible error, we affirm.

We review the denial of a Rule 60(b) motion for abuse of discretion. *Aikens v. Ingram*, 652 F.3d 496, 501 (4th Cir. 2011) (en banc). To succeed on a Rule 60(b) motion, "a party must demonstrate (1) timeliness, (2) a meritorious defense, (3) a lack of unfair prejudice to the opposing party, and (4) exceptional circumstances." *Wells Fargo Bank, N.A. v. AMH Roman Two NC, LLC*, 859 F.3d 295, 299 (4th Cir. 2017). Once a party makes this threshold showing, it must demonstrate that it is entitled to relief under one of Rule 60(b)'s six subsections. *Id.*

Defendants first sought relief under Rule 60(b)(3) based on Plaintiff Alia Salem Al-Sabah's alleged misconduct in destroying evidence and failing to notify the district court of a potential conflict of interest held by Defendants' counsel. To prevail on a Rule 60(b)(3) motion, the movant must (1) show that it has a meritorious claim or defense, (2) establish the alleged misconduct by clear and convincing evidence, and (3) demonstrate that the misconduct prevented it from fully presenting its case. *Schultz v. Butcher*, 24 F.3d 626, 630 (4th Cir. 1994). "After proof of these elements, the court must balance the competing policies favoring the finality of judgments and justice being done in view of all the facts, to determine within its discretion, whether relief is appropriate in each case." *Id.* (internal quotation marks omitted).

We conclude that the district court did not abuse its discretion in denying relief under Rule 60(b)(3). Defendants are correct that a party's misconduct during discovery can constitute a basis for Rule 60(b)(3) relief in certain circumstances. *See Schultz*, 24 F.3d at 630-31; *Square Constr. Co. v. Wash. Metro. Area Transit Auth.*, 657 F.2d 68, 71-73 (4th Cir. 1981). However, in those cases, the opposing party withheld discovery in its possession despite the movant properly requesting it. *Schultz*, 24 F.3d at 630; *Square Constr. Co.*, 657 F.2d at 71. By contrast, Al-Sabah admitted in her discovery responses that she did not possess much of the electronic evidence that had previously been in her possession. Defendants then filed a spoliation motion, which was rejected prior to trial by the magistrate judge and the district court. Thus, Defendants are improperly attempting to raise an issue that should have been raised on direct appeal—the denial of their spoliation motion—rather than presenting a valid ground for vacating the judgment. *See CNF Constructors, Inc. v. Donohoe Constr. Co.*, 57 F.3d 395, 401 (4th Cir. 1995) (explaining that, "where a motion is for reconsideration of legal issues already addressed in an earlier ruling, the motion is not authorized by Rule 60(b)" (internal quotation marks omitted)).

Turning to the conflict of interest claim, the only fact surrounding this claim of which Al-Sabah had knowledge was Defendants' counsel James Sweeting III's concurrent representation of them and IRM Plaza, LLC. However, without more knowledge of the facts, this would appear to be at most a potential conflict of interest. Moreover, while Al-Sabah did not raise this issue in the district court, she alerted the Maryland state court—the forum where she learned of the conflict. Thus, Al-Sabah did not conceal any fact from Defendants. Furthermore, Agbodjogbe himself admitted that he was aware prior to trial of

4

nearly all the facts surrounding the conflict of interest regarding Sweeting's actions moving his businesses into the North Howard Street building. *See Cox Nuclear Pharmacy, Inc. v. CTI, Inc.*, 478 F.3d 1303, 1314-15 (11th Cir. 2007) (recognizing party could not obtain relief under Rule 60(b)(3) when movant alleged opposing party withheld email because movant was the party that originally sent the email). Therefore, the district court did not abuse its discretion in denying Defendants relief under Rule 60(b)(3).

Defendants also sought relief under Rule 60(b)(6) based on Sweeting's alleged conflict of interest and ineffective assistance. Under Rule 60(b)(6), a district court may vacate a judgment for "any other reason that justifies relief." This final catchall provision "may be invoked in only extraordinary circumstances when the reason for relief from judgment does not fall within the list of enumerated reasons given in Rule 60(b)(1)-(5)." *Aikens*, 652 F.3d at 500 (internal quotation marks omitted).

We have not squarely addressed whether an attorney's conflict of interest or ineffectiveness may constitute an extraordinary circumstance justifying relief under Rule 60(b)(6). *Compare In re Va. Info. Sys. Corp.*, 932 F.2d 338, 342 (4th Cir. 1991) ("[A]ttorney malfeasance which actively misleads a client or is comparably culpable might successfully ground a Rule 60(b) motion."), *abrogated on other grounds by Barnhill v. Johnson*, 503 U.S. 393 (1992), *with Evans v. United Life & Accident Ins. Co.*, 871 F.2d 466, 472 (4th Cir. 1989) ("[A] lawyer's ignorance or carelessness do [sic] not present cognizable grounds for relief under [Rule] 60(b)." (internal quotation marks omitted)). However, several courts have held that an attorney's gross negligence can constitute a basis for Rule 60(b)(6) relief. *See Cmty. Dental Servs. v. Tani*, 282 F.3d 1164, 1168-69 (9th Cir.

2002); *Boughner v. Sec'y of Health, Educ. & Welfare*, 572 F.2d 976, 978 (3d Cir. 1978); *L.P. Steuart, Inc. v. Matthews*, 329 F.2d 234, 235 (D.C. Cir. 1964). The Third and Ninth Circuits have defined "gross negligence as 'neglect so gross that it is inexcusable.'" *Lal v. California*, 610 F.3d 518, 524 (9th Cir. 2010) (quoting *Boughner*, 572 F.2d at 978). Moreover, these courts also require that the client exercise diligence despite counsel's lapses. *See Solaroll Shade & Shutter Corp., Inc. v. Bio-Energy Sys., Inc.*, 803 F.2d 1130, 1133 (11th Cir. 1986); *L.P. Steuart*, 329 F.2d at 235-36.

Assuming that gross negligence constitutes a basis to vacate the judgment, Defendants cannot meet this standard. Regarding the conflict of interest, Defendants knew enough facts prior to trial to raise the issue at that time. Indeed, Agbodjogbe admitted to having concerns with Sweeting, but chose to put them aside until after trial. Moreover, most of the acts that Defendants complain of relate to Sweeting's trial tactics, which do not rise to the level of gross negligence. The only fact that would appear to come close to this bar is Sweeting's alleged failure to file a notice of appeal as instructed. However, the court entered final judgment on April 20, 2020, and Agbodjogbe did not file a notice of appeal until September 15. Thus, even if Sweeting was grossly negligent, Defendants cannot establish diligence necessary to succeed on their Rule 60(b)(6) motion. *See Attkisson v. Holder*, 925 F.3d 606, 624 (4th Cir. 2019) (recognizing that we may "affirm on any grounds supported by the record" (internal quotation marks omitted)).

6

Accordingly, we affirm the district court's order.[*] We deny the motions to take judicial notice and to file a supplemental appendix. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

---

[*] Defendants also argue for the first time on appeal that the district court erred in failing to properly apportion liability among the numerous parties. This argument is not properly before us. *See Hicks v. Ferreyra*, 965 F.3d 302, 310 (4th Cir. 2020); *Wells Fargo Bank*, 859 F.3d at 299. Finally, because Defendants challenge the district court's handling of a *Baltimore Sun* article for the first time in their reply brief, they have waived appellate review of this claim. *See Grayson O Co. v. Agadir Int'l LLC*, 856 F.3d 307, 316 (4th Cir. 2017).