Virgil L. **BURTON**, Plaintiff-Appellant,

v.

**G. A. C. FINANCE COMPANY,** Defendant-Appellee.

No. 75–3026
Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

Jan. 12, 1976.

* Rule 18, 5th Cir.; see *Isbell Enterprises, Inc. v. Citizens Casualty Co. of N.Y.,* 5th Cir., 1970, 431 F.2d 409, Part I.

Robert E. Steele, Jr., Macon, Ga., for plaintiff-appellant.

Lucian Lamar Sneed, Atlanta, Ga., for defendant-appellee.

Before WISDOM, BELL and CLARK, Circuit Judges:

CLARK, Circuit Judge:

Because the dismissal of this case at the pleading stage has abridged the adversary process, we vacate the judgment and remand the cause for further proceedings.

The complainant in this case sought money damages under the Consumer Credit Protection Act (Truth in Lending Act), 15 U.S.C. § 1601 *et seq.,* and its implementing Regulation Z, 12 C.F.R. § 226.1 *et seq.,* adopted by the Board of Governors of the Federal Reserve System. It alleges a failure to include in the "finance charge" the cost of insurance issued in connection with the renewal of a loan. Attached as exhibits to this pleading were a copy of a statement of loan and a federal disclosure statement furnished to the borrower. The complaint asserted that specified charges had been made for credit life, credit disability and fire insurance coverages, but that the lender had not obtained a signed statement from the borrower indicating his desire to purchase these coverages. The assertion was made that the lender's failure to obtain such a signed statement necessitated the inclusion of the listed charges in the "finance charge," that this had not been done, and that the deficit rendered the lender liable to the borrower for damages and attorneys' fees under the Act. The answer of the defendant finance company admitted that the amounts alleged had been collected for the credit and for the fire coverages, but denied that the lend-

er had failed to obtain a written indication of the borrower's desire to purchase those categories of insurance and denied that the "finance charge" was incorrectly computed.

Approximately two and one-half months after the answer was filed, the clerk of the district court wrote to counsel for plaintiff and defendant:

"Gentlemen:

"Is there any reason why the Court cannot dispose of the above styled case on the basis of what is now of record in the file and without further hearing?

"Please advise the Court by replying to this letter within 10 days."

Counsel for the plaintiff duly responded:

"Dear Mr. [Clerk]:

"Although the defendant has requested a jury trial it is believed that a pre-trial hearing would show there is nothing for a jury to determine."

A copy of this response was sent to counsel for defendant.

Eight days after plaintiff's letter, counsel for the defendant wrote:

"Dear Mr. [Clerk]:

"As per our conversation of last week, I am enclosing a copy of the Federal Disclosure Statement in the above referenced case.

"If there is anything further necessary, please call our office."

Counsel for the defendant did not serve a copy of this response or its enclosure on counsel for the plaintiff. The disclosure statement forwarded to the clerk was different from that exhibited to the complaint in that it purported to be signed in two places by the borrower and contained in added language an election to purchase credit life and disability insurance through the lender.

After receipt of this document and without further contact with counsel, the court filed its Findings of Fact, Conclusions of Law, and Opinion, and on the same date a final judgment dismissing the action was entered. The court found that the parties had agreed to the disposition of the case "on the basis of the pleadings and documents on file." The court then adjudicated that the document subsequently furnished ex parte by counsel for the defendant lender furnished a sufficient basis for concluding that the loan transaction accorded with the provisions of law and implementing regulations governing the optional purchase of credit life and disability insurance. Additionally the court determined that the fire insurance premium was also properly excluded from the "finance charge" because the disclosure form advised the borrower that he had the choice of obtaining this coverage either from lender or some other insurance source.

Counsel for plaintiff moved to set aside the judgment under Fed.R.Civ.P. 60(b), asserting (1) that the additional document furnished by his opponent prior to the court's judgment was not evidence properly before the court; (2) that he had not been afforded an opportunity to present his evidence or legal position; and (3) that his client had not received a duplicate of the additional document furnished by his adversary. The district court denied this motion, finding:

"As regards grounds 1 and 2, they are utterly without merit. A copy of a 'Federal Disclosure Statement' was submitted to the court by the defendant in response to the clerk's inquiry as to whether this case could be disposed of on the basis of what is now in the file. Further, from the file it plainly appears that the parties agreed that the case could be disposed of on the basis of those records and documents in the file."

■■ The findings as to grounds (1) and (2) are without basis in the record. The fact that counsel for the defendant had mailed a particular document to the clerk does not make such a document a part of the pleadings and records. Rule 5 of the Federal Rules of Civil Procedure requires that documents such as counsel's letter, which furnish information critical to the cause of action asserted,

be served upon opposing counsel in the manner provided by that rule. This was not done. The court's determination that the case was ripe for adjudication on the pleadings including this document compounded the error in failing to make proper service. The exchange of correspondence between the clerk and counsel for the parties does not disclose an agreement on the part of counsel for plaintiff that the case could be disposed of on the basis of the pleadings and records, and particularly not on the basis of a record composed of documentation unknown to the plaintiff.

The court also based its denial of Rule 60(b) relief on a finding that the disclosures made to the plaintiff borrower were adequate to permit the noninclusion of the insurance charges in the finance charge and that neither the law nor Regulation Z required a lender to furnish to a borrower a copy of the borrower's specific affirmative written indication of a desire to purchase credit life insurance from the lender.

■ Our action in vacating this judgment should not be construed to indicate that the court's determination of the credit life and disability premium inclusion issues is erroneous. 12 C.F.R. § 226.8(a) requires that a borrower be furnished with a duplicate of the instrument containing the lender disclosures required by that section. The borrower's written election to obtain optional credit insurance from the lender as required by 15 U.S.C. § 1605(b)(2) and 12 C.F.R. § 226.4(a)(5)(ii) is not a lender disclosure within the meaning of 12 C.F.R. § 226.-8(a).

Notwithstanding the correctness of the court's action with regard to credit life and credit disability disclosures and non-inclusions, the dismissal action cannot be classified as a harmless procedural error. The court expressly adjudicated that the noninclusion of the fire insurance premium was also correct.

"With regard to the fire insurance, compliance was complete because the cost of the insurance obtained by or through defendant was furnished in writing to plaintiff, said writing stating the plaintiff had the choice of the person through which the insurance is to be obtained as is clearly shown in Exhibits 'B' and 'C'. The fact that the agreements state that the 'Lender reserves the right to refuse, for reasonable cause, to accept an insurer offered by the customer' does not alter the fact of compliance."

■ 15 U.S.C. § 1605(c) requires the lender to include a charge for property insurance in the finance charge unless "a *clear* and specific statement in writing is furnished by the [lender to the borrower] setting forth the cost of the insurance if obtained from or through the [lender] and *stating that the [borrower] may choose the person through which the insurance is to be obtained."* (Emphasis supplied.)[1] The district court's finding that the loan documentation in the case at bar clearly shows that the borrower was told he could choose the person through which fire insurance would be obtained is wrong. The disclosure statement told the borrower only that, "Where insurance against loss of or damage to property is written in connection with this loan, *the cost of* such insurance(s) may be obtained by borrower through any person of his choice, however, the lender reserves the right to refuse, for reasonable cause, to accept an insurer offered by the customer." (Emphasis supplied.) At best, it may be said that this statement is unclear. Its only

---

1. 12 C.F.R. § 226.4(a)(6) expresses the same inclusion requirement:

. . . unless a clear, conspicuous, and specific statement in writing is furnished by the creditor to the customer setting forth the cost of the insurance if obtained from or through the creditor and stating that the customer may choose the person through which the insurance is to be obtained.[4]

[4] A creditor's reservation or exercise of the right to refuse to accept an insurer offered by the customer, for reasonable cause, does not require inclusion of the premium in the finance charge.

. . . . .

reasonable meaning is that the borrower was told he could discover "the cost of" fire insurance from a person of his choice. It did not advise him that he had the right to purchase the insurance from that source.

The defendant must be accorded an opportunity to overcome the prima facie case made by the error in this form. We accordingly vacate the judgment appealed from and remand the cause for further proceedings not inconsistent with this opinion.

Vacated and remanded.