## In re HANCOCK PROPERTIES MANAGEMENT INC., Debtor.

**Shari S. Jansen, successor Chapter 7 Trustee, Plaintiff,**

v.

**Volute Enterprises, Inc., Reid Schaefer, and Gina Hyon a/k/a Gina Schaefer, Defendants.**

Bankruptcy No. 9:02–BK–25329–ALP. Adversary No. 9:03–ap–361.

United States Bankruptcy Court, M.D. Florida, Fort Myers Division.

April 13, 2005.

Order vacated on reconsideration; June 3, 2005.

**664**

Ann T. Frank, Ann T. Frank, PA, Naples, FL, for Debtor.

Mark D. Hildreth, Abel, Band, Russell, Collier, et al., Sarasota, FL, for Trustees.

### ORDER ON DEFENDANTS' MOTION FOR RELIEF FROM DEFAULT JUDGMENT ORDERS UNDER FEDERAL RULE OF BANKRUPTCY PROCEDURE 9024 (Doc. No. 62)

ALEXANDER L. PASKAY,
Bankruptcy Judge.

THE MATTER under consideration in this Chapter 7 liquidation case is a Motion for Relief from Default Judgment filed by Reid Schaefer (Mr. Schaefer), Gina Hyon (Ms. Hyon) and Volute Enterprises, Inc., (Volute) the Defendants named in a Complaint filed by Shari Jansen, the Successor Trustee for the estate of Hancock Properties Management, Inc. (the Debtor).

At the duly scheduled and noticed hearing on the Motion, this Court heard argument of counsel for the Trustee and for the Defendants, considered the affidavits filed by both the Trustee and the Defendants, together with the relevant portion of the record, and based on same now finds and concludes as follows.

The Debtor is a Florida corporation, Mr. Schaefer and his wife, Ms. Hyon, were the principals and sole stockholders of the Debtor. Sometime prior to December 2002, the Defendants engaged the services of L. Kirk Rogers (Ms. Rogers), an attorney, for the purpose of representing the corporation in this bankruptcy case. On December 20, 2002, Ms. Rogers filed the Voluntary Petition for relief for the Debtor under Chapter 11. The Debtor was unable to proceed with its Chapter 11 case, converted its case to a Chapter 7 case. Initially, the Chapter 7 Trustee appointed to the estate of the Debtor was Thomas Heidkamp.

On June 20, 2003, Thomas Heidkamp, as Trustee, commenced this adversary proceeding, suing Volute Enterprises, Inc., Mr. Schaefer, and Ms. Hyon, collectively referred to as the Defendants, and sought to recover and set aside a transfer of certain income-producing commercial property owned by the Debtor which, according to the Trustee was voidable as a fraudulent transfer, pursuant to Section 544(b) of the Bankruptcy Code and Section 726.106, et. seq. of Florida Statutes.

In due course the Trustee caused the issuance of summons for the three Defendants. The summonses were served only on Ms. Rogers for each Defendant named in this adversary proceeding. It is the Defendants contention that Ms. Rogers was not authorized to accept service of process on their behalf.

Be that as it may, on July 18, 2003, the Trustee filed for the record the original Acceptance of Service of Process on Defendants, which reflected that service was affected on Defendants' counsel on June 27, 2003. Notwithstanding receipt of service, Ms. Rogers failed to file any defensive motions or an answer on behalf of the Defendants. It appears and Ms. Rogers now contends that she was involved in two separate automobile accidents during this time, and as a result of the accidents, she suffered a serious concussion; her judgment was impaired; and she had memory lapses and was not able to function properly while representing the Defendants. The first automobile accident occurred September 12, 2003, (approximately two months after the answer was due), and the second accident occurred on May 28, 2004.

On July 28, 2003, the Trustee filed a Motion for Entry of Default, and on August 21, 2003, the Clerk entered the default against Volute Enterprises, Inc., Reid Schaefer, and Gina Hyon a/k/a Gina Schaefer, Defendants.

On November 26, 2003, Ms. Rogers apparently during her lucid interval, filed a Motion to Stay (Doc. No. 13) and also a Motion to Set Aside Entry of Default. (Doc. No. 14). Both Motion filed by Ms. Rogers were promptly scheduled for hearing, however, on December 18, 2003, the date of the hearing, this Court was notified telephonically that Ms. Rogers will not be able to attend the hearing since she was ill. For the reason stated above, the Court announced in open court that the Motions which were presently before the Court are to be reset for hearing. It appears that during this time period Mr. Schaefer was diagnosed with having a terminal melanoma and it was predicted that he had ninety days to live. It also appears during this time period Ms. Hyon had a hysterectomy which, unfortunately for Ms. Hyon, turned out to be a disaster. Due to the injuries sustained during her operation, Ms. Hyon had to undergo several medical procedures including an additional operation.

On February 5, 2004, the rescheduled hearing date, on the Motion to Stay and on the Motion to Set Aside Entry of Default, Ms. Rogers, although served notice, failed to appear and failed to seek a continuance. On February 18, 2004, this Court entered an Order Denying the Motion to Stay (Doc. No. 19). On February 24, 2004, this Court entered an Order Denying Motion to Set Aside Entry of Default. (Doc. No. 21).

On May 27, 2004, the day before Ms. Rogers' second accident, Ms. Rogers filed a Verified Motion to Set Aside Order of February 24, 2004, Denying Motion to Set Aside Default and Incorporated Memorandum of Law. (Doc. No. 29). On August 27, 2004, this Court entered its Order denying said Motion.

On February 15, 2005, this Court issued an Order directing the Trustee to Show Cause why this adversary proceeding should not be dismissed for lack of prosecution. On February 24, 2005, the Trustee filed a written Response to the Order to Show Cause and on the same day filed a Motion for Final Judgment by Default. (Doc. No. 40).

On March 14, 2005, this Court entered an Order and granted the Trustee's Motion for Final Judgment by Default. On the same day, this Court entered a Final Judgment in favor of the Successor Trustee Shari Jansen and against all three Defendants in the amount of $873,050.46, plus prejudgment interest calculated at a rate of 9 percent per annum, calculated at the per diem rate of $215.27 from September 23, 2002, up to and including March 4, 2005, the date of the entry of the judgment, in the amount of $193,742.54. Thus, the Final Judgment entered against all

three Defendants totaled $1,066,793.00. The Final Judgment further provided that interest shall accrue at a rate of 3.2 percent per annum until paid in full.

Although Ms. Rogers never filed a Motion to withdraw and technically she is still counsel of record for these Defendants, on March 14, 2004, Ms. Stephanie M. Biernacki, of the law firm of Gray Robinson, filed a notice of appearance on behalf of the Defendants (Doc. 48). On March 21, 2005, Mr. John Anthony, of the firm of Gray Robinson, filed Defendants' Motion for Relief from Default Judgment Orders under Federal Rule Bankruptcy Procedure 9024. On the same day, Ms. Biernacki, on behalf of the Defendants, filed for the record, affidavits of Reid Schaefer, Kevin McNeeley, Gina Hyon, George Donald Briggs, Dennis McKenzie Gayle and Nancy Reynolds in support of the Defendants' Motion.

On March 21, 2005, the Defendants, through Mr. Anthony, filed an Answer to the Complaint, coupled with affirmative defenses.

On April 5, 2005, the Trustee filed the affidavit of S. Dean Kaestner in opposition to the Motion for Relief. On the same date, the Defendants filed the affidavit of L. Kirk Rogers in support of Defendants Motion for Relief.

These are the relevant facts as established by the record, based on which counsel for the Defendants contends they are entitled to relief from the default judgment, pursuant to 60(b), as adopted by F.R.B.P. 9024. Rule 60(b)(6) provides that relief may be granted on "any other reason justifying relief from operation of the judgment."

In support of the Motion, counsel for the Defendants contends that this record is replete with evidence that Ms. Rogers who was counsel of record for the Defendants was in fact incapacitated due to serious automobile accidents and her failure to appropriately represent the Defendants was attributable to her memory loss and confused state of mind. In order to overcome a well-established principle that if an attorney who represents a party fails to discharge his or her duty properly in representing a defendant, most importantly, to timely respond to a complaint, it is the duty of the parties to seek assistance. The Defendants contend that because Mr. Schaefer was suffering from terminal melanoma, undergoing excruciating pain and extensive radiation treatments which were very debilitating, and because Ms. Hyon had the unfortunate experience with a botched hysterectomy operation at the same time, this prevented both Mr. Schaefer and Ms. Hyon from properly attending to their affairs. Therefore, the Defendants contend that based on these facts, they are entitled to the relief they are seeking and should be given an opportunity to defend against the lawsuit to which they have asserted meritorious defenses.

■ In opposition to the Motion, counsel for the Trustee concedes that it is well established, that courts generally liberally construe the requirements of Rule 60(b) motions when reviewing default judgment. *Gulf Coast Fans, Inc. v. Midwest Electronics Importers, Inc.,* 740 F.2d 1499, 1510–11 (11th Cir.1984); *Fackelman v. Bell,* 564 F.2d 734, 735–36 (5th Cir.1977). The approach is justified when reviewing any order which in fact, "abridged the adversary process," even if the matter under consideration was not a default judgment. *Burton v. G.A.C. Finance Co.,* 525 F.2d 961, 962 (5th Cir.1976).

In the case of *Seven Elves, Inc. v. Eskenazi,* 635 F.2d 396 (5th Cir. Unit A 1981), the District Court refused to vacate the judgment it entered against a defendant when the defendant failed to appear at the

trial. The Fifth Circuit reversed, concluding that both the defendants' reliance on counsel and the good faith misunderstandings that caused counsel's failure to appear, "the equities mitigated strongly in favor to grant the relief." *Id.* at 403. *See also Boughner v. Secretary of H.E.W.,* 572 F.2d 976 (3rd Cir.1978); *L.P. Steuart, Inc. v. Matthews,* 329 F.2d 234 (D.C.Cir.), *cert. denied,* 379 U.S. 824, 85 S.Ct. 50, 13 L.Ed.2d 35 (1964); *Transport Pool Division of Container Leasing, Inc. v. Joe Jones Trucking Co.,* 319 F.Supp. 1308 (N.D.Ga.1970); *Solaroll Shade and Shutter Corp., Inc. v. Bio–Energy Systems, Inc.,* 803 F.2d 1130, 1133 (11th Cir.1986).

■ Considering the totality of the circumstances and Ms. Rogers mental and physical condition during the relevant time, coupled with the unfortunate critical health problems of the Defendants, this Court is satisfied that the Defendants' Motion for Relief from Default Judgment Orders Under Federal Rule of Bankruptcy Procedure 9024 is well taken and should be granted.

Accordingly, it is

ORDERED, ADJUDGED and DECREED that the Motion for Relief from Default Judgment Orders under Federal Rule of Bankruptcy Procedure 9024 be, and the same is hereby, granted and the Final Judgment entered by this Court on March 14, 2005, be, and the same is hereby, vacated. It is further

ORDERED, ADJUDGED and DECREED that the Answer filed by the Defendants, Reid Schaefer, Gina Hyon and Volute Enterprises, Inc. be, and the same is hereby, accepted as filed. It is further

ORDERED, ADJUDGED and DECREED that a pretrial conference shall be held on _____, 2005, beginning at _____.m. at Courtroom 9A, Sam M. Gibbons United States Courthouse, 801 N. Florida Ave., Tampa, Florida. At the pretrial conference this Court shall consider all pending Motions, which were deferred by this Court on April 5, 2005.

### *ORDER ON PLAINTIFF'S MOTION FOR RECONSIDERATION OF ORDER VACATING DEFAULT AND DEFAULT JUDGMENT* (Doc. No. 76)

THE MATTER under consideration in this Chapter 7 liquidation case is a Motion for Reconsideration of Order Vacating Default and Default Judgment (Doc. No. 76) filed by Shari S. Jensen, the Successor Trustee (Trustee) for the estate of Hancock Properties Management, Inc. (the Debtor). The Order Vacating Default and Default Judgment was entered by this Court on April 13, 2005.

At the duly scheduled and noticed hearing on the Motion For Reconsideration, this Court heard argument of counsel for the Trustee and for the Defendants, considered the affidavits filed by both the Trustee and the Defendants, together with the relevant portion of the record, and based on the same now finds and concludes as follows.

It is clear that the Defendants' Motion For Relief From Default Judgment Orders Under Federal Rule of Bankruptcy Procedure 9024 (Doc. No. 62), which sought to set aside the default and the default judgment under Rule 60(b), as adopted by F.R.B.P. 9024, is based on the attorney's attempt to seek forgiveness for disregarding her responsibility as an attorney on the grounds that she was involved in an accident on September 12, 2003. Ms. L. Kirk Rogers (Ms. Rogers) claims that because of her confused mental condition she was unable to properly attend to her duties to respond to the Complaint filed by the Trustee against her clients, Reid Schaefer (Mr. Schaefer), Gina Hyon (Ms. Hyon) and Volute Enterprises, Inc., (Volute) the De-

fendants named in the Complaint (Clients and/or Defendants).

The record in this case completely belies and refutes Ms. Roger's excuse and justification for not responding to the Complaint filed against her clients, the Defendants. First, the Complaint was filed on June 20, 2003, and was served on Ms. Rogers on June 27, 2003. Notice of filing the acceptance of services by Ms. Rogers was filed by the Trustee on July 18, 2003. (Doc. No. 5). Ms. Rogers' first accident as mentioned above was on September 12, 2003 thus, Ms. Rogers had approximately two months to respond to the Complaint filed against her clients.

The Plaintiff filed a Motion for Entry of Default on July 28, 2003, and served the same on Ms. Rogers and on the Defendants. (Doc. No. 6). On August 21, 2003, a default was entered against the Defendants; this was also served on Ms. Rogers. (Doc. No. 8). In addition to the Entry of Default, the Plaintiff filed Notice of Taking Depositions Duces Tecum of Corporate Representative of Volute Enterprises, Inc., Gina Hyon, and Reid Schaefer on October 22, 2003. (Doc. Nos. 10, 11, and 12).

It was not until November 26, 2003, that Ms. Rogers filed for the first time, any papers in this adversary proceeding. On that date, Ms. Rogers filed a Motion to Stay (Doc. No. 13) and also a Motion to Set Aside Entry of Default. (Doc. No. 14). Both Motions filed by Ms. Rogers were promptly scheduled for hearing, however, on December 18, 2003, the date of the hearing, this Court received communication from Ms. Rogers' office indicating that Ms. Rogers will not be able to attend the hearing since she was ill. For the reason stated above, this Court announced in open court that the Motions, which were before the Court, were rescheduled for February 5, 2004.

On February 5, 2004, the rescheduled hearing date of the Motion to Stay and on the Motion to Set Aside Entry of Default, Ms. Rogers again failed to seek a continuance and failed to appear. On February 18, 2004, this Court entered an Order Denying the Motion to Stay (Doc. No. 19). On February 24, 2004, this Court entered an Order Denying Motion to Set Aside Entry of Default. (Doc. No. 21).

On March 25, 2004, the Plaintiff filed a Motion to Compel Discovery for the Records Custodian of Wachovia Bank to produce documents. (Doc. No. 23). The Motion was served on Ms. Rogers and on her Clients. On May 6, 2004, the hearing was held on the Motion to Compel Discovery and once again there was no appearance by Ms. Rogers or her Clients. On May 11, 2004, this Court entered the Order granting the Plaintiff's Motion to Compel. (Doc. No. 27).

It was not until May 27, 2004, the day before Ms. Rogers' second accident, Ms. Rogers filed a Verified Motion to Set Aside Order of February 24, 2004, Denying Motion to Set Aside Default and Incorporated Memorandum of Law (Verified Motion). (Doc. No. 29). The Verified Motion, which was initially set for hearing on July 8, 2004, was ultimately reset for August 19, 2004.

On August 19, 2004, the rescheduled hearing date on the Verified Motion, Ms. Rogers, although served notice of the hearing, failed to appear and did not seek a continuance. On August 27, 2004, this Court entered an Order Denying Motion to Set Aside Default. (Doc. No. 35).

 It is evident from the history of this litigation as it appears from the record, that Ms. Rogers' continuous neglect to perform her duties and prepare to represent her clients is inexcusable, yet is sought to be excused on the bases that she was involved in two automobile accidents.

This being the case, though it is not articulated, what is really being claimed by the Defendants is "excusable neglect." Present counsel seeks relief under Section 60(b)(6), which provides relief from judgment for "any other reason justifying relief from the operation of the judgment." The case law has made it clear, however, that the relief available under Section 60(b)(6) is available only for reasons "other" than the grounds set forth in Section 60(b)(1),(2),(3),(4), or (5). *United States v. Real Property & Residence* 920 F.2d 788, 791 (11th Cir.1991); *Solaroll Shade and Shutter Corp. v. Bio-Energy Systems Inc.,* 803 F.2d 1130 (11th Cir.1986) "60(b)(1) and 60(b)(6) are mutually exclusive." Therefore, any claim for relief under 60(b)(6) is improper.

■ As a matter of law, the applicable rule to this claim is F.R.C.P. 60(b)(1), as adopted by, F.R.B.P. 9024(b)(1). Under this Rule the court may relieve a party from a final judgment for "mistake inadvertence, surprise or excusable neglect." Even assuming that this Court would find excusable neglect, which would be impossible to review under this record, such relief under 60(b)(1) must be filed within one year. Ms. Rogers' Motion was clearly outside the one year limitation and therefore, untimely. In light of this requirement, this Court is satisfied that, under these facts, it was an error to grant relief under F.R.C.P. 60(b)(1).

■ Further, this Court cannot accept, based on these facts, that the Defendants are entitled to relief under 60(b)(1), even if one year had not yet passed. This record is totally devoid of any evidence that Ms. Rogers' continuous and uninterrupted failure to properly represent the Defendants was based on "mistake" "inadvertence" "surprise" or "excusable neglect." The problem with Ms. Rogers' claim is that she had already failed to respond to the complaint long before her first accident. In fact, she had two months prior to the accident in which to respond to the Complaint filed against her clients. Moreover, she continuously ignored all notices. One would be hard pressed to find basis for relief for "excusable neglect" based on these facts.

■ Thus, unless this Court is further satisfied and finds that the Defendants should not be penalized for the neglect of their counsel because of their own hardships, the default should be reinstated. During this same time period, Mr. Schaefer was diagnosed with terminal melanoma and it was predicted that he had ninety days to live and Ms. Hyon had a hysterectomy which, unfortunately turned out to be a disaster. The Defendants, therefore, contend that they were unable to fully understand the proceedings and were unable to take appropriate actions to assure that their interests with regards to this adversary proceeding are properly represented.

To the extent the relief sought is based on the serious health conditions of the Defendant during the relevant time, such claim is equally unsupportable by the record and by applicable law. The Defendants were consistently on notice of the pendency of the lawsuit filed against them. The record leaves no doubt that they received all notices of all hearings scheduled, yet they failed to assure that their interests were properly represented. They also failed to notify the Court about their problems with Ms. Rogers. The Defendants had the duty, when they received the notice of entry of the default, to seek help at once and there is no evidence in this record that they were incapable to call Ms. Rogers or the Court or write to the Court of their predicament. In sum, their conduct is equally insufficient to find excusable neglect.

Based on the foregoing, the Motion for Reconsideration of Order Vacating Default and Default Judgment (Doc. No. 76) is proper and should be granted. Furthermore, the Order Vacating the Default and Default Judgment was improper and the Original Default and Default Judgment shall be reinstated.

Accordingly, it is

ORDERED, ADJUDGED and DE-CREED that the Motion for Reconsideration of Order Vacating Default and Default Judgment be, and the same is hereby, granted and the Order on Defendants' Motion for Relief from Default Judgment Orders Under Federal Rule of Bankruptcy Procedure 9024 entered by this Court on April 13, 2005, be, and the same is hereby, vacated. It is further

ORDERED, ADJUDGED and DE-CREED that the Final Judgment entered by this Court on March 14, 2005, be, and the same is hereby, reinstated. It is further

ORDERED, ADJUDGED and DE-CREED that a pretrial conference shall be held on _____, 2005, beginning at _____.m. at Courtroom 9A, Sam M. Gibbons United States Courthouse, 801 N. Florida Ave., Tampa, Florida. At the pretrial conference this Court shall consider all pending Motions.